Bituminous Casualty Corporation, a Corporation, et al., Plaintiffs-Appellants, v. American Fidelity and Casualty Company, Inc., a Corporation, et al., Defendants-Appellees, Albert Hughes, et al., Defendants-Appellants.

## Gen. No. 47,409.

First District, Third Division.

April 30, 1959.

Released for publication June 22, 1959.

Andrew J. Farrell, of Chicago (Thomas J. Weithers, of counsel) for Bituminous Casualty Corporation, and Midland Electric Coal Corporation, plaintiff-appellants.

Scott, Tyrrell & Collias, of Chicago (Joseph T. Tyrrell, of counsel) for defendants-appellants.

Pretzel, Stouffer and Nolan, of Chicago (Charles D. Snewind, of counsel) for defendants-appellees.

JUSTICE BURKE delivered the opinion of the court.

In an amended complaint the Bituminous Casualty Corporation and the Midland Electric Coal Corporation sought a declaratory judgment against the American Fidelity and Casualty Company, Inc., Rock Island Motor Transit Co., Julius Fassl, Albert Hughes, Kenneth Scott, Donald Stocks and W. H. Duryea. While a diesel engine was being unloaded from the

truck of Rock Island on the premises of Midland it fell and caused injuries to Julius Fassl. He sued Midland, Rock Island, Hughes, Scott, Stocks and Duryea to recover damages for the injuries he suffered. American was requested to take over the defense of Midland and to pay any judgment that might be entered to the limit of the insurance coverage. American refused to take over the defense and denied liability on the ground that its policy did not cover the liability of Midland. The court found in favor of American and decreed that American is not obligated under its contract of insurance to provide a defense to Midland or to the individual defendants in the action filed by Fassl. The court further decreed that American is not bound under its policy to satisfy any judgment that might be rendered against Midland or the individual defendants within the limits of its policy. Bituminous, Midland and the individual defendants appeal. The corporate appellants and the individual appellants filed separate briefs. The appellees assert that the appeal of Bituminous is limited by its notice of appeal. We are satisfied that the appeal is from the entire judgment and permits the appellants to urge all the points made.

The first point presented is that the court erred in holding that American is not obligated under its contract of insurance to provide a defense to Midland and the individual defendants in the suit filed by Fassl, and in holding that it is not obligated under its contract of insurance to satisfy a judgment rendered against Midland and the individual defendants within the limits of its policy. Appellees say that the court properly held that American was not liable under its policy of insurance issued to Rock Island because the accident is not covered under the unloading clause of the policy and for the additional reason that

the accident was excluded under the insuring agreement in that Midland was operating an automobile repair shop. The policy provides that the use "of the automobile for the purposes stated includes the loading and unloading thereof" and that "the unqualified word 'insured' wherever used in coverages A and B and in other parts of the policy, when applicable to such coverages, includes the named insured and except where specifically stated to the contrary also includes any person while using the automobile, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

On July 18, 1952 Rock Island operated a truck-trailer and in the course of its business transported a certain diesel engine from the Cummins Diesel Sales Corporation, Chicago, to the premises of Midland at Sheffield, Illinois. Rock Island is a common carrier engaged in the transportation of merchandise over routes within the United States by motor vehicles. The truck-trailer was driven in and upon the premises of Midland. Midland was primarily a mining company operating an open pit or strip mine in Bureau County. The truck-trailer was operated by Rock Island's driver, Robert E. Behler. The accident occurred at 10:00 a. m. at the Midland property, five miles east of the Village of Mineral. Julius Fassl, age 27, an employee of Cummins, was injured. The diesel engine was being unloaded out of the trailer when it fell on Fassl, who was assisting in the unloading. The engine was being unloaded by Hughes, Scott, Stocks, and Duryea, employees of Midland. At the time the engine fell it was being moved by a hoist owned and operated by Midland. A hitch was used to unload the engine from the truck. It was a canopy truck and it was difficult to get the chain directly over it. When the men

tightened on the hoist the engine slid toward the back of the truck. It was then hanging from the hoist, completely clear of the truck. It then dropped. According to Fassl, he arrived at the scene about 9:00 a. m. and was standing about 25 feet from where the engine was being unloaded. He first noticed the engine when it was in position on the end of the truck. He walked over 15 to 20 feet and was about 5 inches from the engine when it fell as it was being unloaded.

The truck was not moving at the time of the accident. The driver of the truck was not an actor in the removal of the diesel engine from the truck. The truck carried no part of the hoist by which the diesel engine was moved from the truck. The hoist was on the premises and the property of Midland and was being operated solely by the latter's employees. The negligent act involved was the failure of Midland's hoist or the negligence of its employees in operating the hoist. The hoist was an instrumentality customarily used for the removal of heavy objects such as diesel engines from trucks delivering merchandise to Midland. There was no transportation agreement by Midland with Rock Island. The contract of carriage was by Cummins with Rock Island. The diesel engine was being removed from the truck with the assistance of a hoist when it fell and struck Fassl. Appellants rely strongly on Coulter v. American Employers' Ins. Co., 333 Ill. App. 631; Wagman v. American Fidelity & Casualty Co., Inc., 304 N. Y. 400, 109 N.E.2d 592; American Auto Ins. Co. v. American Fidelity & Cas. Co., 235 P.2d 645; Krasilovsky Bros. Trucking Corp. v. Maryland Casualty Co., 54 N.Y.S.2d 60; and United States Fidelity & Guaranty Co. v. Church, 107 F. Supp. 683. Appellees say that none of the cases cited by appellants support their position.

██ The trial court was under the impression that the loading and unloading provision does not come in-

to effect unless the act is being performed by a servant of the named insured. The named insured was Rock Island. The negligence of the driver of the truck or mal-functioning of the truck had nothing to do with the application of the omnibus and the unloading provisions of the policy. The question of negligence is not involved. We are of the opinion that the authorities cited by the appellants are applicable to the facts of the instant case and that the accident to Fassl arose out of the unloading of the truck of Rock Island, which act was being performed by servants of Midland and that Midland and its employees are entitled to the protection of the insurance policy of American under the loading and unloading and omnibus clauses of the policy. They come within the category of persons operating the truck with the permission of the named insured, Rock Island, and also persons legally responsible for the use thereof, and the use thereof includes loading and unloading. The engine was being unloaded from the truck at the time of the accident, and insofar as the applicability of the unloading clause is concerned, it would make no difference whether the engine was being lifted off the truck or was being moved manually. It could not be removed manually because of its weight. It was necessary to use a hoist, the same as the winch was used in the Krasilovsky case, the trap door to assist in the loading in the Coulter case, the slings in the Church case, and the same as an unloading rack was used for the oil in the American Auto Insurance Company case.

██ The separate brief of the individual defendants makes the point that the active negligence of these defendants is alleged to have been the proximate cause of the injury to Fassl, and that therefore Midland would have an action over against them. Since a corporation can only act through its agents, serv-

31

ants and employees it follows that the actual or active negligence was that of Hughes, Scott, Stocks and Duryea or one or more of them. Midland could only be held liable under the doctrine of *respondeat superior*. The liability of the individual defendants to Midland is predicated upon the rule of law under which a person guilty of negligence is charged with the responsibility of his wrongful act not only directly to the person injured, but indirectly to a person who is also legally liable therefor. The wrongdoer stands in the relation of indemnitor to a person who has been held legally liable, such as an employer under the rule of *respondeat superior,* and the right to indemnity rests upon the principle that everyone is responsible for the consequences of his wrong and if another person has been compelled to pay the damages for which the wrongdoer is primarily responsible, the latter becomes liable to the former. Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; 67 N. E. 439; Dart Transit Co., Inc. v. Wiggins, 1 Ill.App.2d 126, 134; Gulf, M. O. R. Co. v. Dixon Transfer Co., 343 Ill. App. 148; Palmer House Co. v. Otto, 347 Ill. App. 198; United States Fidelity & Guaranty Co. v. Church, 107 F. Supp. 683.

 We turn to a consideration of the position sustained in the trial court and advanced here that the accident was excluded under the insuring agreement to Rock Island because Midland was operating an automobile repair shop. The policy of insurance specifically excluded "any accident arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place." Appellees say that the record is replete with uncontradicted testimony that Midland was operating an automobile repair shop, that there is ample evidence to support the trial court's conclusion that Midland was operating an automobile repair shop and that the accident was directly connected with the work done in

32

that repair shop. Midland was operating a coal mine in Bureau County, four miles southwest of Sheffield and the same distance from Mineral. Each of these is a small village with a population of 400 or 500. The nearest large cities are Chicago and Peoria. Midland constructed a building known as General Purpose Building several years prior to the accident. At the time of the accident the maintenance force consisted of 8 men. This force worked on all of the mine equipment. The mine was out in the country. Most of its vehicles could not be driven on state roads because of their width. Of necessity the mine had to operate and maintain the General Purpose Building so that its equipment could be properly maintained. The mine was not in the business of repairing automobiles. The mine was operating a machine shop to take care of its equipment. It did not cater to the public. We are of the opinion that the machine shop in the instant case was not an automobile repair shop but was merely incidental to the operation of the coal mine.

■ Finally, appellants maintain that the insurance provided by the policy of insurance of Bituminous is excess over that provided by the policy issued by American. After setting out the provisions of the policies of the two insurance companies, appellants cite in support of their position Zurich General Accident & Liability Ins. Co., Ltd. v. Clamor, 124 F.2d 717; McFarland v. Chicago Exp., Inc., 200 F.2d 5; United States Fidelity & Guaranty Co. v. Church, 107 F. Supp. 683; Canadian Indemnity Co. v. United States Fidelity and Guaranty Co., 213 F.2d 658; Liberty Mutual Ins. Co. v. Steenberg Construction Co., 225 F.2d 294. The appellees have not commented on the argument or authorities cited under this point. We find that the primary coverage for Midland was in the policy of American and that the coverage of Bituminous at

33

most was excess coverage. The only insurance coverage provided for the individual defendants, Hughes, Scott, Stocks and Duryea, was that provided by the policy of American. Midland and each of the individual defendants are entitled to the same protection under the policy of American as is the named insured, Rock Island. Midland, Hughes, Scott, Stocks and Duryea are entitled to a defense under the policy contract of American and to protection of that policy for liability to Fassl to the extent of $50,000.

The judgment is reversed and the cause is remanded with directions to enter a judgment in favor of appellants in accordance with the views expressed.

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.