THE BUCKEYE UNION CASUALTY CO., APPELLANT, *v.* ILLINOIS NATIONAL INS. CO., APPELLEE.

(No. 38601—Decided April 7, 1965.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Rudolph Janata, Jr.,* and *Mr. Jon M. Anderson,* for appellant.
*Messrs. Jenkins, Williams, Wendt, Murray & Deeg* and *Mr. Gordon E. Williams,* for appellee.

BROWN, J. The two cases are in conflict, and the certification would require this court to resolve this conflict were it not for the case of *Travelers Ins. Co.* v. *Buckeye Union Casualty Co.*, 172 Ohio St. 507. The court, however, is of the opinion that its decision in that case is dispositive of the question of liability of Illinois under the facts claimed in the petition.

In an annotation to the case of *Travelers Ins. Co.* v. *Buckeye Union Casualty Co., supra,* in 95 A. L. R. 2d 1123, the following language occurs:

"However, where the injury is caused by a third party who has no legal relationship to the named insured it may be necessary to prove, before the liability provisions of the policy become applicable, that such third party was in the actual use of the truck at the time of the injury, with the express or implied permission of the named insured. * * * And while it is much too early to say whether the doctrine as laid down in the Ohio case will spread to other jurisdictions, the fact remains that such a distinction has been suggested to and been accepted by the highest court in Ohio."

The language of paragraphs three and four of the syllabus of *Travelers Ins. Co.* v. *Buckeye Union Casualty Co., supra,* is as follows:

"3. Where an injury is caused by the claimed negligence of a third party who is not connected with the truck, who has no legal relationship to the named insured and who under normal circumstances would not be using the truck of the named insured, it must first appear, before the liability provisions of the policy become applicable, that such third party was in the actual use of the truck at the time of the injury, with the express or implied permission of the named insured.

"4. 'Loading' and 'unloading' are but component parts of the overall 'use' contemplated by such an insurance contract and do not therefore become determinative of the question of liability unless or until the party charged with negligence is shown to have been actually using the truck so as to qualify as an 'insured' within the definition of that term as used in the policy."

The provision in the subject standard automobile policy

that "the purposes for which the automobile is to be used are 'pleasure and business' * * * use of the automobile for the purposes stated includes the loading and unloading thereof" enlarges the meaning of the word, "use," when one is attempting to determine whether the car is being "used for pleasure and business."

This enlargement of the meaning of the word, "use," for the purpose stated does not enlarge the meaning for the purpose of defining an insured in the following policy provision:

"Definition of Insured

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile * * * provided the *actual* use is by the named insured or with his permission." (Emphasis added.)

The operation of loading and unloading is covered, but the loader or unloader is not "an insured" unless otherwise made so.

The action to be defended by Illinois must be against an insured of Illinois. Under this holding, we can never arrive at a finding that an insured may be a claimant against a company which has computed a risk to protect the insured only against the claims of others.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

MATTHIAS, J., dissenting. I am unable to agree with the majority in this case for the same reason that I was unable to agree with the majority in *Travelers Ins. Co.* v. *Buckeye Union Casualty Co.*, 172 Ohio St. 507.

The annotation (95 A. L. R. 2d 1122) cited in the majority opinion points out that the reasoning advanced in the *Travelers case* and followed in the instant case has not been accepted in other jurisdictions. The annotation, at page 1125, comments upon *Travelers Ins. Co.* v. *Buckeye Union, supra,* as follows:

"However where the injury is caused by a third party who has no legal relationship to the named insured it may be necessary to prove, before the liability provisions of the policy become applicable, that such third party was in the actual use of the truck at the time of the injury, with the express or implied permission of the named insured. This seems to be the tenor of at least one decision [citing the *Travelers case*] in which the term 'use' was apparently interpreted differently according to whether the injury was caused by the acts of the insured's employee or was occasioned by the acts of a third party. *This distinction has not been made in other jurisdictions* which, without particularly stressing the point, proceed upon the theory that a person loading or unloading a vehicle is automatically deemed to be using the vehicle." (Emphasis added.)

The policy in question defines its coverage as follows:

"*Use of the automobile for the purposes stated includes the loading and unloading thereof.*
"* * *

"With respect to the insurance for bodily injury liability and for property damage liability *the unqualified word 'insured'* includes the named insured and also *includes any person while using the automobile* and any person or organization legally responsible for the use thereof, *provided the actual use of the automobile is by the named insured or with his permission.*" (Emphasis added.)

This provision is clear and unambiguous. Any *person* loading or unloading the automobile with the permission of the named insured is also an insured with respect to the insurance for bodily injury liability.

By its holding, the majority has rewritten the policy to eliminate from coverage one who is expressly made an insured by the terms of the policy.

For the above reasons, I respectfully dissent.