The **TRAVELERS INSURANCE COMPANY**
and
the Travelers Indemnity Company,
Plaintiffs,

v.

The **EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.,**
Defendant.

**Civ. A. No. 16028.**

United States District Court
D. Maryland.

June 11, 1965.

Mathias J. DeVito and Joseph H. Young, Baltimore, Md., for plaintiffs.

Thomas G. Andrew and Rollins, Smalkin, Weston & Andrew, Baltimore, Md., for defendant.

WINTER, District Judge.

This diversity action has been instituted to recover plaintiffs' expenditure of sums in settlement of a suit for personal injuries against their named insured and the cost of carrying on that

**628**

litigation. It raises questions of whether defendant insured plaintiffs' named insured and, if so, whether plaintiffs or defendant were the primary insurer.

Plaintiffs (Travelers) insured Hess, Inc. (Hess) under a comprehensive liability policy, while defendant (Employers) insured Stewart Petroleum Company (Stewart) under an automobile liability policy. Hess distributes petroleum products and owns and operates an oil truck loading facility in Baltimore City. Stewart was one of its customers, and employed Luther E. Yates (Yates).

On February 15, 1960 Yates brought a Stewart truck to the Hess facility for loading. The truck was divided into three separate tanks, each of which is filled by an opening in the top. Oil is pumped into the top through a spiller or spout. The flow of oil is controlled by a loading valve operated by a manual lever. The manual lever is activated by pulling an attached wire cord. On the crucial date, after filling the first of three tanks, Yates climbed on top of the Stewart truck for the purpose of starting to fill the second one. He put the spout into the second tank and started to pull the wire cord connected to the manual lever when the wire, which was defective, snapped, thus causing him to fall backwards off the truck and suffer serious personal injuries. The spiller, loading valve, manual lever and attached wire cord are all devices owned and maintained by Hess and furnished by Hess to Yates for use in filling the Stewart truck.

Yates sued Hess in a state court, alleging that his injuries were incurred in the process of loading the Stewart truck and proximately caused by the negligent maintenance of a defective wire handle on the premises owned by Hess. Although Travelers requested Employers to defend the suit, Employers declined to recognize Hess as an insured under its automobile policy and refused to defend. Travelers conducted the defense, keeping Employers advised of all proceedings, and ultimately concluded to settle the suit for $105,000.00, themselves paying Yates their policy limits of $100,000.00.

The facts recited are undisputed, and Travelers seeks partial summary judgment as to liability, leaving for trial only the question of its damages.

Travelers admits that Hess was its insured, but contends that Hess was also Employers' insured under the provisions of the automobile policy issued by Employers to Stewart, set forth in the margin.[1] In essence, Travelers argues that Hess was engaged in a "use" of the truck within the meaning of the terms of the loading and unloading provision of the policy, by reason of the fact that Yates was injured while the truck was being loaded with oil at the Hess facility.

■ The scope which the Maryland courts would afford to an automobile policy providing coverage for injuries caused by accident and arising out of the use of certain vehicles where "use" is defined by the policy to include "the loading and unloading thereof" has been considered in this Court on two occasions, American Auto. Ins. Co. v. Master Bldg. Supply & Lbr. Co., 179 F.Supp. 699 (D.Md.1959), Employers' Liability

1. "Insuring Agreements"
   "I Coverage A—Bodily Injury Liability—Automobile
   "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile."
   \*　　\*　　\*　　\*　　\*
   "III Definition of 'Insured.' The unqualified word 'insured' includes the named insured and also includes \* \* \* (2) under Coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission \* \* \*."
   \*　　\*　　\*　　\*　　\*
   "3. Definitions"
   \*　　\*　　\*　　\*　　\*
   "(f) Purposes of Use. \* \* \* Use of an automobile includes the loading and unloading thereof."

Assur. Corp. v. Indemnity Ins. Co., 228 F.Supp. 896 (D.Md.1964). The decisions in those cases control the result here. In the last cited case the difference in the scope of coverage afforded by a policy of insurance for bodily injury sustained as the result of the use of a motor vehicle when "use" was not further defined, and one in which "use" was further defined to include "loading and unloading," was discussed and the question of whether Maryland was a "coming to rest" state or "a complete operation" state was considered. It was concluded that Maryland was "a complete operation" state, and it was held that where the policy defined "use" to include "loading and unloading," (p. 900), " * * * all that is required to establish coverage is that the act or omission which resulted in the injury was necessary to carry out the loading or unloading." Liability is thus not restricted to those situations in which movement or actual use of the vehicle is involved.

■ Temporally, Yates' injury occurred during the loading of the truck. It occurred during the step in the loading process of releasing the valve which would have permitted the oil to flow into the truck. The act which resulted in the injury was necessary to carry out the loading and it made operative Hess' negligent maintenance of a defective wire cord. The conclusion that Employers policy affords protection to Hess follows. See also, Columbia So. Chem. Corp. v. Manufacturers & W. Indem. Exch., 190 Cal.App.2d 194, 11 Cal.Rptr. 762 (1961); Pepsi-Cola Bottling Co. of Charleston v. Indemnity Ins. Co., 318 F.2d 714 (4 Cir. 1963).

■ The second question, namely, which of plaintiffs or defendant were the primary insurer, needs little consideration because the parties agree that if Employers is found to be an insurer of Hess, Employers is the primary insurer and Travelers the excess insurer. This necessarily follows, because Condition 14 of both Travelers and Employers policies [2] provides that the insurance afforded under each arising out of the use of a non-owned automobile shall be excess insurance over any other valid and collectible insurance. The Stewart truck was owned as to Employers, but was non-owned as to Travelers, which insured Hess. Hence, the excess insurance clause of the Travelers policy is operative.

For these reasons, plaintiffs are entitled to partial summary judgment as to liability. Counsel may agree upon and submit an order.

---

2. "14. Other insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance against such loss; *provided, however, the insurance* *under this policy with respect to loss arising out of* the maintenance or use of any hired automobile insured on a cost of hire basis or *the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.*" (Emphasis supplied.)