**KENTUCKY WATER SERVICE CO., Inc., and Arthur Goodin, Appellants,**

v.

**SELECTIVE INSURANCE COMPANY, Inc., and Hassell Jasper, Appellees.**

Court of Appeals of Kentucky.

March 4, 1966.

Rehearing Denied Oct. 21, 1966.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellants.

Viley O. Blackburn, Smith & Blackburn, John G. Prather, Somerset, for appellees.

JOSEPH J. BRADLEY, Special Commissioner.

Appellants, Kentucky Water Service Company, Inc. (hereinafter referred to as Kentucky Water) and its employe Arthur Goodin, filed this action against Selective Insurance Company, Inc. (hereinafter referred to as Selective) and Hassell Jasper for a declaration by the court determining the rights of the parties under an automobile liability policy of insurance issued by Selective to Jasper.

There is no genuine issue as to any material fact. On September 29, 1961 Jasper, a customer, drove his truck upon the premises of Kentucky Water for the purpose of obtaining a load of water. Jasper drove his truck to the loading rack, stopped the truck and climbed up onto the top of the vehicle. He placed a hose, which hung from an overhead pipe, into the fill hole of the tank. Goodin, Kentucky Water's employe, turned a valve attached to the loading equipment releasing the water into the hose and into the tank. Jasper had retained his grasp of the hose and was so holding it when, for some unexplained reason, it became unfastened where it attached to the overhead pipe causing Jasper to lose his balance. He fell from the truck and was injured.

· As a result of the accident Jasper filed suit for damages against Kentucky Water and Goodin. That action precipitated this proceeding in which the substantive issue presented was whether Kentucky Water and Goodin were insured within the meaning of Selective's policy. Kentucky Water and Goodin appeal from a summary judgment denying them coverage.

Selective's policy covers "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury

* * * sustained by any person arising out of the ownership, maintenance or use of the owned automobile * * *." The policy defines "use" as including "the loading and unloading" of the vehicle. The term "insured" is defined as including the named insured and * * * "any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

The contention of Kentucky Water and Goodin is, in its essence, that Goodin was using the Jasper truck at the time of the accident within the scope of the policy and they are, therefore, entitled to coverage and that Selective is required to defend Jasper's action against them and is obligated to pay any judgment he may recover.

This is the first case we have been called upon to decide involving the precise issue here presented.

■ An insurance contract like any other voluntary agreement must be construed according to its true character and purpose, and in accordance with the intention of the parties. Washington National Insurance Company v. Burke, Ky., 258 S.W.2d 709, 710, 38 A.L.R.2d 861.

In Travelers Insurance Company v. Buckeye Union Casualty Company, 172 Ohio St. 507, 178 N.E.2d 792, 95 A.L.R.2d 1114, the court dealt with a situation in many respects similar to the one now before us. There, an employe drove the truck owned by his employer to the service yard of Gulf Refining Company to secure a tank load of diesel fuel. The driver parked the truck on the loading platform. He climbed up onto the bed of the truck and removed the cover from the opening in the tank. The station was equipped with movable overhead pipes for the filling of tank trucks. An employe of Gulf moved a pipe toward the truck in order to fill it. As the pipe neared the vehicle a quantity of diesel fuel struck the driver causing him to fall from the truck. The driver sued Gulf for the injuries he sustained. The employer and

owner of the truck was insured by Buckeye Union Casualty Company under a policy the terms of which were virtually identical to those presented here. Gulf was insured by a policy of premises liability insurance issued by Travelers Insurance Company. Travelers sought declaratory relief claiming, as in this case, that Gulf was an insured under Buckeye's policy and that Buckeye was obligated to defend. In holding that Gulf's employe was not an insured under the policy issued by Buckeye the court said: "But where, as here, the injury is caused by a third party who is not connected with the truck, who has no legal relationship to the named insured, and who under normal circumstances would not be using the truck of the named insured, it must first appear before the liability provisions of the policy become applicable, that such third party was in the actual use of the truck at the time of the injury with the express or implied permission of the named insured * * *.

"Here, the facts are that the equipment used by Gulf's employe was exclusively owned by Gulf and the acts performed by Gulf's employe related exclusively to his own employment. The insured truck was still under the exclusive control of McCracken's employe. We do not find, therefore, that Gulf's employe was using McCracken's truck for any purpose at the time of the accident."

The court stated that to accord the policy the construction which Travelers claimed was intended would lead to the conclusion that the insured paid premiums to Buckeye so that Buckeye would insure and protect Gulf against the claims of the insured. The court observed that it was doubtful that the parties so intended and added that Gulf's employe was not using the truck for any purpose.

In Buckeye Union Casualty Company v. Illinois National Insurance Company, 2 Ohio St.2d 59, 206 N.E.2d 209 (1965), the court reaffirmed its decision in Travelers. In that case the Buckeye Union Casualty

Company had in effect its comprehensive premises liability policy on the Big Bear Stores, and Illinois National Insurance Company had issued its standard automobile liability policy on the automobile of one George Thomas. The insured's wife, an insured under the policy, parked her husband's car in the parking lot of the store mentioned. After making several purchases an employe of the store wheeled a cart containing these items to her car and loaded them into the trunk, and in so doing injured Mrs. Thomas by slamming the trunk lid on her hand. Mrs. Thomas sued the store. A dispute arose between the insurance companies as to which one was required to defend the action. The question was whether the employe at the time of the accident was using the car within the terms of the automobile liability policy of insurance. Illinois National Insurance Company denied coverage. The court, in discussing the application of the terms "use" and "insured" as found in Illinois' policy, said: "The operation of loading and unloading is covered, but the loader or unloader is not an insured unless otherwise made so. The action to be defended by Illinois must be against an insured of Illinois. Under this holding, we can never arrive at a finding that an insured may be a claimant against a company which has computed a risk to protect the insured only against the claims of others."

In the case before us the truck was clearly operated by Jasper, the named insured. It was exclusively under his control. There is no suggestion of record that Goodin had any other function than to turn, as he did, the water valve attached to Kentucky Water's loading equipment for the purpose of filling the tank. It would seem evident that Goodin's act in turning the valve did not constitute using the truck within the meaning of the provisions of the policy, and that it was not such coverage as was within the contemplation of the insured or the insurer when the policy was issued. We cannot escape the view that Jasper did not pay premiums to Selective so that it would insure third parties against his claim for damages.

It is recommended that the judgment be affirmed.

The opinion is approved and the judgment is affirmed.