**DAIRYLAND INSURANCE COMPANY, a corporation, Appellant,**

v.

**CONCRETE PRODUCTS COMPANY, a corporation, et al., Appellees,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, a corporation, Interpleaded Defendant-Appellee.**

**No. 55182.**

Supreme Court of Iowa.

Jan. 17, 1973.

Kindig, Beebe, McCluhan, Rawlings & Carter by Maurice B. Nieland, Sioux City, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, by Marvin F. Heidman, Sioux City, for appellees Concrete Products Company and George Wayne Smith.

Ervin E. Nordstrom, Sioux City, for appellee Swen Swenson.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

This declaratory judgment action arises from the following situation: On December 11, 1968 Swen Swenson drove his truck to Concrete Products Company (Concrete Products) premises to buy some blocks. George Wayne Smith, employee of Concrete Products, used a front end loader to pick up the first cement blocks destined for the truck. He moved the load to the back of Swenson's truck, then raised the blocks to the truck bed level and again moved forward. Swenson was pinned between the front end loader and the bed of the truck and injured.

Swenson sued Concrete Products for damages, alleging he had been injured through negligent acts of that company's employee. Concrete Products cross-petitioned against Smith, claiming a right of indemnity or contribution from him for any amounts it became vicariously liable to pay Swenson.

Dairyland Insurance Company (Dairyland) insured the Swenson truck. Counsel for Concrete Products, contending Dairyland had liability coverage under the loading and unloading provision of its policy, demanded that it defend Smith and pay any judgment rendered against him. Under a reservation of rights Dairyland undertook Smith's defense.

Contemporaneously, Dairyland brought this action against Concrete Products, Smith and Swenson seeking declaratory judgment that its loading and unloading policy provision provided no coverage for Smith, no indemnity or contribution for Concrete Products, and no obligation to Swenson arising out of his insurance. Concrete Products interpleaded its general liability insurer, Fireman's Fund Insurance Company (Fireman's Fund). The latter company asserts a subrogated right against Smith (and therefore Dairyland) for any damages it might ultimately pay Swenson because of Concrete Products' vicarious liability.

The omnibus clause in Dairyland's policy defines "insured" as the named insured (Swenson), "and also includes any person while using the automobile * * * with the permission * * *" of the named insured or his spouse. A separate provision states, "Use of the automobile * * * includes the loading and unloading thereof."

Appealing, Dairyland contends trial court erred in ruling that its policy extended coverage to Smith; in determining responsibility to pay damages should be prorated between it and Fireman's Fund; and in holding Fireman's Fund (through Concrete Products) was entitled to full indemnity from Dairyland (through Smith), to the extent of Dairyland's coverage. We affirm.

*I. Smith as an insured under Dairyland's truck policy.*

While the contention of Concrete Products and Fireman's Fund that Smith was an unnamed insured under Dairyland's omnibus clause may on first impression appear strained, it is supported by a vast body of case law involving similar situations. See annotations at 95 A.L.R.2d 1122 and 160 A.L.R. 1259; 7 Appleman, Insurance Law and Practice § 4322, pp. 155–67 (1962); 7 Blashfield, Automobile Law and Practice § 315.7, pp. 588–91 (3d ed. 1966); 7 Am.Jur.2d, Automobile Insurance § 89, pp. 396–97; 45 C.J.S. Insurance § 829c(2), pp. 893–896; Brown and Risjord, Loading and Unloading: The Conflict Between Fortuitous Adversaries, *29* Insurance Counsel Journal 197 (1962); The Defense Research Institute, Inc., "Loading & Unloading" Provision of the Automobile Liability Insurance Policy (Monograph, 1965).

Although this is a case of first impression in Iowa, well-reasoned decisions from many jurisdictions support principles of law we believe applicable.

■ Where, (as here) a motor vehicle insurance liability policy extends the term "use" to include the loading and unloading of the insured vehicle and the policy provides coverage for "damages because of * * * bodily injury * * * caused by accident and arising out of the * * * use of" the insured vehicle, a more liberal concept of causation is imparted than "proximate cause" in its traditional legal sense. Fireman's Fund Insurance Co. v. Canal Insurance Co., 411 F.2d 265 (5 Cir. 1969); McCloskey and Company v. Allstate Insurance Companies, 123 U.S.App. D.C. 177, 358 F.2d 544 (1966).

■ The "loading and unloading" clause is one of "extensions," that is, the insertion of this clause in a liability policy leads to the conclusion it was inserted for the purpose of extending coverage of the policy to accidents not covered by the other provisions of the standard motor vehicle liability policy. P. E. O'Hair & Co. v. Allstate Insurance Company, 267 Cal.App.2d 195, 72 Cal.Rptr. 690 (1968); Drew Chem. Corp. v. Amer. Fore Loyalty Group, 90 N.J.Super. 582, 218 A.2d 875 (App.Div.1966); Komorowski v. Kozicki, 45 Wis.2d 95, 172 N.W.2d 329 (1969).

Third persons, not otherwise connected with the insured vehicle or its owner, while loading the vehicle, are "using" such vehicle within the meaning of coverage provisions of a policy which defines use as including loading and unloading. Travelers Insurance Co. v. Employers' Liability Assur. Corp., 242 F.Supp. 627 (D.Md. 1965); Bituminous Casualty Corp. v. American Fidel. & Cas. Co., 22 Ill.App.2d 26, 159 N.E.2d 7 (1959); Improved Machinery, Inc. v. Merchants Mut. Ins. Co., 349 Mass. 461, 208 N.E.2d 796 (1965); Wagman v. American Fidelity & Casualty Co., 304 N.Y. 490, 109 N.E.2d 592 (1952); Travelers Insurance Co. v. Employers Casualty Co., 380 S.W.2d 610 (Tex.1964); 7 Am.Jur.2d, Automobile Insurance § 89, pp. 396–97.

■ Coverage may exist although neither the insured vehicle nor its driver are involved in the accident. McCloskey and Company v. Allstate Insurance Companies, supra; St. Paul Mercury Insurance Company v. Huitt, 336 F.2d 37 (6 Cir. 1964); Bituminous Casualty Corp. v. American Fidel. & Cas. Co., supra; Wagman v. American Fidelity & Casualty Co., supra; Improved Machinery, Inc. v. Merchants Mut. Ins. Co., supra.

There is no requirement the insured vehicle being loaded constitute the cause of the accident. Employers' Liability Assur. Corp. v. Indemnity Ins. Co., 228 F.Supp. 896 (D.Md.1964); P. E. O'Hair & Co. v. Allstate Insurance Company, supra; Bituminous Casualty Corp. v. American Fidel. & Cas. Co., supra; Improved Machinery, Inc. v. Merchants Mut. Ins. Co., supra; Wagman v. American Fidelity & Casualty Co., supra; Hertz Corporation v. Bellin, 28 App.Div.2d 1101, 284 N.Y.S.2d 140

(1967), aff'd mem., 22 N.Y.2d 736, 292 N. Y.S.2d 117; 239 N.E.2d 211 (1968); Penley v. Gulf Insurance Company, 414 P.2d 305 (Okl.1966).

■ Coverage exists if there is an immediate causal connection between the loading operation or the way it is carried out and the injury-causing mishap. Employers' Liability Assur. Corp. v. Indemnity Ins. Co., supra; 7 Appleman, Insurance Law and Practice § 4322, at pp. 157–58; 7 Am.Jur.2d, Automobile Insurance § 90, pp. 397–98.

Two theories have evolved in decisions determining the scope of the "loading and unloading" clause. The "coming to rest" doctrine, an earlier rule followed by a minority of jurisdictions, essentially interprets "loading" as beginning only after the object to be transported has come into the immediate vicinity of the insured vehicle and "unloading" to cease when the object transported first comes to immediate rest on removal from the vehicle. See American Oil Co. v. Hardware Mutual Casualty Co., 408 F.2d 1365 (1 Cir. 1969); 8 Blashfield, Automobile Law and Practice § 317.-9, at p. 32; annot. 95 A.L.R.2d 1122 (1964).

Most jurisdictions follow the "complete operation" or "continuous passage" doctrine, expressing the view that the terms "loading" or "unloading" are not to be limited or controlled by place or distance but by the fact of a continuous and uninterrupted movement of the articles in getting them onto or off of the vehicle. St. Paul Mercury Insurance Company v. Huitt, supra; Travelers Insurance Co. v. Employers' Liability Assur. Corp., supra; Pacific Indemnity Company v. Run-A-Ford Company, 276 Ala. 311, 161 So.2d 789 (1964); Drew Chem. Corp. v. Amer. Fore Loyalty Group, supra; Penley v. Gulf Insurance Company, supra; Travelers Insurance Co. v. Employers Casualty Co., supra; Komorowski v. Kozicki, supra; 7 Appleman, Insurance Law and Practice § 4322, at p. 162; 8 Blashfield, Automobile Law and

Practice § 317.9, at pp. 32–39; 7 Am.Jur. 2d, Automobile Insurance § 88, pp. 393–96; Risjord, Loading and Unloading, 13 Vand. L.Rev. 903 (1960).

■ Examining the case *sub judice* in light of these rules, Smith had obviously commenced the loading operation. Swenson's consent to this activity is uncontroverted. The blocks had left their place of rest and were in direct process of being carried to and placed on the insured vehicle. Under either the "coming to rest" or "complete operation" doctrine, Smith, in so loading, was using the Swenson truck. He was an unnamed insured as defined by the omnibus clause and his liability was covered by Dairyland's policy.

Dairyland, forcefully contending Smith was not so insured, relies on several decisions in which courts did not find a causal connection between the loading or unloading operation and the accident. See, e. g., Liberty Mutual Insurance Co. v. Johnson, Drake & Piper, Inc., 390 F.2d 410 (8 Cir. 1968). It also relies on a restrictive interpretation (which prevails mainly in Ohio) of the omnibus clause word "insured." See Buckeye Union Cas. Co. v. Illinois National Ins. Co., 2 Ohio St.2d 59, 206 N.E.2d 209 (1965); Travelers Ins. Co. v. Buckeye Union Casualty Co., 172 Ohio St. 507, 178 N.E.2d 792 (1961). This rule is best summarized in 7 Appleman, Insurance Law and Practice § 4322, p. 87 (Supp.1971):

> "Ohio alone has held that for a party to be insured under a liability policy omnibus clause in his loading and unloading activities, he must first be an insured under terms of the policy on some other basis, by some other use of the vehicle."

■ The Ohio doctrine has been rejected in most jurisdictions. It violates our fundamental Iowa rule that an insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations upon that coverage in clear and explicit terms. Roach v. Churchman, 431 F.2d 849 (8 Cir. 1970);

General Casualty Company of Wisconsin v. Hines, 261 Iowa 738, 156 N.W.2d 118 (1968).

■ In declining to follow the Ohio rule, the federal appellate court in St. Paul Mercury Insurance Company v. Huitt, supra, 336 F.2d at 43 (6 Cir. 1964) said:

"To the extent that the case [Travelers Ins. Co. v. Buckeye Union Casualty Co., supra] may be construed as a departure from the complete operation rule followed in Michigan, it would not be persuasive in this case. To the extent that it would impose special restrictions upon persons not bearing a legal relationship to the named insured not otherwise imposed upon persons that might come within the omnibus coverage, the Court there appears to have read conditions into the definition of the insured not contained in the policy. The policy, in defining 'the insured,' makes no distinction between employees of the named insured and strangers to the named insured, stating only that 'the insured' includes 'any person' while loading or unloading the insured vehicle with the permission of the named insured."

We adopt this reasoning in similarly rejecting the Ohio rationale, which reads into an automobile liability policy a coverage limitation omitted by the insurer.

Although agreeing the exact legal question presented by this appeal is one of first impression in this state, Dairyland contends it finds support for a narrow interpretation of a "loading and unloading" clause in Wilson v. State Farm Mutual Automobile Ins. Co., 256 Iowa 844, 128 N. W.2d 218 (1964). That case concerned an exclusion provision in a private vehicle policy death indemnity clause. Coverage was not provided where death occurred from bodily injury sustained in the course of insured's occupation while engaged in duties incident to the "operation, loading or unloading" of a commercial vehicle. The named insured was a milk delivery man whose commercial vehicle toppled over on him as it slid from a parked location down an icy hill. The issue raised by defendant's answer was whether the driver was "operating" the milk truck when he was fatally injured. The majority held the other coverage exceptions (loading and unloading) were not affirmatively pleaded and thus were not before "the trial court nor this court." The later observation in the opinion that the term "unloading" had no application to the case was not necessary to the decision. The *Wilson* case, distinguishable both on its facts and issues, is not helpful here. In any event, no rational "narrowing" of the meaning of "loading" could exclude the situation presented by the stipulated facts in this case.

Lastly, Dairyland contends it would be contrary to public policy to extend its coverage to Smith. It is inconceivable, Dairyland asserts, that its insured Swenson might recover under the liability provisions of his own policy for negligence of one not his agent or employee nor under his control or supervision. This is another way of stating we should adopt the Ohio rule, a doctrine we have already rejected.

Had Smith, to position this truck for loading, negligently backed it up with Swenson's permission and accidently hit and injured the latter, Smith's coverage and Swenson's right to recover under the policy would not be seriously questioned. There is no more reason to exclude Smith as an insured, or Swenson as a claimant, in the case before us. See Fireman's Fund Insurance Co. v. Canal Insurance Co., 411 F.2d 265 (5 Cir. 1969) and P. E. O'Hair & Co. v. Allstate Insurance Company, 267 Cal.App.2d 195, 72 Cal.Rptr. 690 (1968), where in each case the owner of the insured vehicle was permitted to recover against his own insurer for injuries caused by a third party's negligent loading or unloading.

Public policy may well be served by the position we take here, recognizing coverage, thereby extending protection to per-

sons not otherwise insured. Smith was not insured under the Fireman's Fund contract. While Swenson had recourse to a third party—Concrete Products—for his damages in this instance, this would not always be the case. Negligence of a person loading or unloading the insured vehicle might occur without that person being the employee of an insured or solvent corporation. An owner might well conclude to protect himself against such risk.

## II. *Comparative liability of the two insurance companies.*

Trial court found Fireman's Fund insured Concrete Products, but not Smith, to the extent of $250,000. It found Dairyland insured Smith to the amount of $10,000. The parties had stipulated Smith was an employee of Concrete Products, there was no independent negligence of Concrete Products, and that Smith's sole negligence was the proximate cause of Swenson's damages. Dairyland's petition and the answer filed by the interpleaded defendant, Fireman's Fund, each raise issues of the liability of these respective insurers, and the relative order of liability if established.

Under these circumstances trial court, applying the proration rule laid down in Union Ins. Co. (Mutual) v. Iowa Hardware Mut. Ins. Co., 175 N.W.2d 413 (Iowa 1970), held the two companies would be liable for Swenson's damages in the proportion of one to twenty-five.

The court further determined, however, Fireman's Fund, subrogated to the rights of Concrete Products against its employee Smith to the extent of Fireman's Fund payments, could recover against Dairyland (by suing Smith) upon such subrogation claim for any amounts paid by it to the extent of Dairyland's coverage, less any proration amounts at that time already paid by the latter.

Dairyland claims there should have been no proration: Fireman's Fund policy should be primarily liable. In our view the district court ruling was more favorable to Dairyland than the applicable law warrants.

The proration rule is ordinarily invoked when two or more insurers insure joint tort-feasors or the same tort-feasor. See Union Ins. Co. (Mutual) v. Iowa Hardware Mut. Ins. Co., supra. But here Fireman's Fund and Dairyland each insure a separate entity or person. No claim is made that Concrete Products and Smith were joint tort-feasors. The respective liability of these insureds must therefore determine the liability of their respective insurance carriers.

The common law rule holding a servant liable to his master who is not at fault for damages the latter is compelled to pay a third person because of the servant's negligence is recognized in Iowa. Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626 (1966); Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501 (1951). It follows Concrete Products could rightly cross-petition against its employee Smith, whose sole negligence caused Swenson's injury. Rule 33(b), Rules of Civil Procedure.

This subrogated right of one vicariously liable for full indemnity against the actual tort-feasor is well known in our Iowa law. Federated Mutual Imp. & H. Ins. Co. v. Dunkelberger, 172 N.W.2d 137 (Iowa 1969); Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 51 N.W.2d 400 (1952); Furnish, Distributing Tort Liability: Contribution and Indemnity in Iowa, 52 Iowa L.Rev. 31 (1966).

It follows as to these insurance carriers there should be no proration. As between them, Dairyland's policy, to the extent of its limits, should be first subjected to Swenson's damages before resort is made to the Fireman's Fund policy.

Numerous decisions from other jurisdictions, to avoid circuity of action, have recognized the order of liability of the insurers follows the relative liability of the insureds and have held the non-negligent employer's insurer entitled to full indemnification from the negligent em-

ployee's insurer. See Fireman's Fund Insurance Co. v. Canal Insurance Co., 411 F. 2d 265 (5 Cir. 1969); Travelers Insurance Co. v. Employers' Liability Assur. Corp., 242 F.Supp. 627 (D.Md.1965); Bituminous Casualty Corp. v. American Fidel. & Cas. Co., 22 Ill.App.2d 26, 159 N.E.2d 7 (1959); Maryland Cas. Co. v. N. J. Mfrs. & C. Ins. Co., 48 N.J.Super. 314, 137 A.2d 577 (App. Div.1958), aff'd per curiam, 28 N.J. 17, 145 A.2d 15 (1958).

Despite trial court's initial proration ruling, full application of its judgment will avoid any ultimate loss to Fireman's Fund until Dairyland's limits are exhausted. Neither Fireman's Fund nor Concrete Products appeals. There is no error prejudicial to Dairyland in trial court's judgment, which reached the right destination by an unnecessary detour.

Under these circumstances, the judgment below is affirmed. Trial court taxed the costs equally between Dairyland and Fireman's Fund, as both had asked for declaratory relief. Costs on appeal are taxed in the same proportion.

Affirmed.