82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FIRST FINANCIAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
DEBCON, INC., Defendant-Appellant,
B & B CONSTRUCTION COMPANY, INC., Defendant/Third Party Plaintiff,
v.
Andrew MARTIN, Sr. and Andrew Martin, Jr., Third Party Defendants.
 No. 95-5036.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity action, the defendant-appellant Debcon, Inc. ("Debcon") has contested the district court's declaration, via summary judgment for the plaintiff-appellee First Financial Insurance Company ("FFIC"), that a contractor's liability insurance policy (no. FO139 G 000086) issued to the defendant/third party plaintiff B & B Construction Company, Inc. ("B & B") by FFIC, according to its unambiguous terms, did not insure against the damages at issue in this litigation.
 
 
 2
 In 1992, Debcon, as the general contractor, was constructing a sludge de-watering facility for the Morehead [Kentucky] Utility Plant Board. Completion of the structure required the placement of a 14,000 pound filter belt press inside the partially erected structure. Debcon leased a crane with an operator from B & B for this purpose. Unfortunately, the crane, operated by B & B part-owner Elden Bowling, toppled during the operation, causing an alleged $79,853.85 in damages to Debcon's filter belt press and to the incomplete work of improvement.
 
 
 3
 Following Debcon's initiation against B & B of a state court action for damages, FFIC commenced suit against B & B (and subsequently joined Debcon as a party defendant) in federal district court, seeking a declaration that the instant policy did not cover the damages at issue.[1] On September 9, 1994, the district court awarded summary declaratory relief to FFIC, mandating that the insurance contract at issue could not be construed to insure against the instant losses.[2] This court reviews grants of summary judgment de novo. Hansard v. Barrett, 980 F.2d 1059, 1061 (6th Cir.1992).
 
 
 4
 Kentucky law commands that insurance contracts shall be strictly construed against the insurer, and any ambiguity therein must be resolved in favor of the insured. Wolford v. Wolford, 662 S.W.2d 835 (Ky.1978); Hanover Ins. Co. v. American Engineering Co., 33 F.3d 727, 730 (6th Cir.1994). Nonetheless, policy terms must be accorded their reasonable, plain, and popular meanings; words cannot be imputed with tortured, outlandish, or contrived meanings to create an ambiguity where none otherwise exists. City of Louisville v. McDonald, 819 S.W.2d 319, 320 (Ky.App.1991). The policy as a whole must "be construed according to its true character and purpose, and in accordance with the intention of the parties." Kentucky Water Service Co. v. Selective Ins. Co., 406 S.W.2d 385, 386 (Ky.1966).
 
 
 5
 By its terms, the insurance agreement at issue did not cover the losses caused or incurred by B & B. Elden Bowling attested at deposition that B & B engaged in three lines of work--(1) iron and steel erection, (2) crane rental, and (3) welding--and that his actions on the day of the accident were related solely to B & B's crane rental business. The policy clearly stated, in Classification Endorsement BU-C-6287 and Forms L-6391 and L-6408, that the sole hazards covered were those incident to "IRON OR STEEL ERECTION."[3] Even in the absence of Bowling's concessions related above, the plain and ordinary layman's understanding of such language, in the context of a construction contractor's liability policy, is that it signifies work related to the installation of iron and steel beams, bars, etc. on a construction work of improvement. Contrary to the contention of the appellant, it does not encompass the raising, by a crane, of piece of machinery which happened to be constructed of steel for purposes unrelated to the installation of steel and iron on a construction project.
 
 
 6
 The appellant's assertion that policy Form L 6432g interjects an ambiguity which can be construed to insulate B & B from the financial consequences of incidents of the type at issue is similarly misconceived. Form L 6432g facially embodies categories of coverage exclusions; nothing within that document suggests an intention thereby to extend coverage to any risk not assumed elsewhere in the policy. Moreover, Form L 6432g expressly modifies policy coverage only in the context of "Explosion, Collapse and Underground Property Damage Hazards." No evidence indicated that the instant disaster resulted in any measure from an explosion, from the collapse of a structure,[4] or from anything which occurred underground.
 
 
 7
 Therefore, the insurance policy at issue excluded, without ambiguity, coverage for damages of the type involved in the case sub judice and, accordingly, the summary judgment entered by the district court in favor of the plaintiff-appellee FFIC is hereby AFFIRMED.
 
 
 
 [1]
 Debcon ultimately attained summary judgment in the state court action against B & B as to liability, and subsequently accepted an assignment of B & B's rights against its insurer, FFIC
 
 
 [2]
 Final judgment was entered on November 22, 1994
 
 
 [3]
 The business of B & B was posted within the policy as "CONSTRUCTION--SETTING STEEL." J.App. at 21
 
 
 [4]
 The "Definitions" section of the insurance contract defined "collapse hazard" to entail "structural property damage" to a building caused by its collapse "due to (1) grading of land, excavating, borrowing [sic--burrowing?], filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof." J.App. at 23