ALLSTATE INSURANCE COMPANY, Respondent, *v.* CHARLES M. GROSS et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, February 27, 1969.

*Edward Cherney* of counsel (*Friedlander Gaints Ruttenberg & Goetz,* attorneys), for appellant.

*Meyer & Wexler* for Charles M. Gross, respondent.

*William L. Shumate* of counsel (*Speiser, Shumate, Geoghan & Krause,* attorneys), for Allstate Insurance Company, respondent.

*Per Curiam.* In this action by an insurance carrier for a judgment declaring its rights and obligations under a policy issued to defendant Charles M. Gross, MVAIC appeals from a judgment entered April 5, 1967 in favor of the plaintiff which adjudged that the plaintiff is not obligated to defendant, its insured.

August 17, 1963, while Gross was insured by the plaintiff Allstate Insurance Company (Allstate) he was involved in an accident in which an infant, Lynn Butch, was allegedly struck by his automobile. Gross reported the accident to the police on the scene but failed to file an MV 104 report or to make any report to Allstate at that time. Allstate first learned of the accident October 15, 1963 when Gross delivered to it a summons and complaint which had been served on him the day before in an action brought by the infant Butch and her guardian ad litem. October 24, 1963 Allstate notified Gross and Butch that it was investigating the accident and that in making any settlement or negotiating a settlement or defending it did not "waive any of its rights or admit any obligations under the policy." The letter stated also that Allstate was making a reservation of rights "because of late notice and for other reasons." Seven months later Allstate commenced this action on May 14, 1964 seeking a declaratory judgment that it was not obligated to defend its insured or to pay any judgment which might be recovered against it. It is from the judgment in favor of the plaintiff that the defendant MVAIC takes this appeal. The defendant Charles M. Gross rests upon and accepts the brief of MVAIC.

On appeal appellant MVAIC urges that the reservation of rights letter from Allstate to Gross does not comply with the statutory mandate requiring written notice of disclaimer to be given as soon as reasonably possible. The statute in question is contained in subdivision 8 of section 167 of the Insurance Law which reads as follows: " If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Allstate of course rejects the position of MVAIC, and urges that its contention is without merit and that the judgment appealed from should be affirmed.

It should be emphasized that up to this point Allstate has not yet disclaimed, nor does it contend that the institution of

the within action constituted a disclaimer. In *Allstate Ins. Co.* v. *Manger* (30 Misc 2d 326) Mr. Justice MARGETT in a well-reasoned opinion held that an unexplained delay of 68 days in giving notice of an accident to the plaintiff insurer was unreasonable as a matter of law and that subdivision 8 of section 167 of the Insurance Law does not impose absolute liability upon an insurer, that the insurer still had a right to disclaim even though it had proceeded to undertake the defense of its assured.

The essential question here is what is the effect of the reservation of rights letter in this case in view of subdivision 8 of section 167 of the Insurance Law. We are not prepared to and do not hold that a reservation of rights letter is excluded by the language of subdivision 8 of section 167. We do, however, hold in the case before us that even though there is a reservation of rights, such reservation will not serve to excuse the insurer from its obligation to give written notice of disclaimer within a reasonable time. This view finds support in the case of *Appell* v. *Liberty Mut. Ins. Co.* (22 A D 2d 906, affd. without opn. 17 N Y 2d 519) in which the Appellate Division of the Second Department stated "when a claim is asserted under the statute (Insurance Law, § 167) against an insurer, the insurer, if it does not intend to honor the claim, is duty bound to disclaim as soon as reasonably possible." It was obligatory upon the carrier after it completed its investigation, if it determined that it wished to disclaim, to give such notice within a reasonable time. To have delayed seven months after the writing of a letter containing a reservation of rights without disclaiming is, in our view, an unreasonable delay as a matter of law, and we would hold that any notice of disclaimer of liability which, as we noted earlier, has not yet been given, is not a compliance with the statute. Accordingly the judgment appealed from should be reversed on the law, with costs, and that there should be a declaration that respondent is obligated to defend and to pay any judgment which might be recovered.

STEVENS, P. J., EAGER, MARKEWICH, NUNEZ and STEUER, JJ., concur.

Judgment reversed on the law, with $50 costs and disbursements to appellant, and judgment directed declaring that plaintiff Allstate Insurance Company is obligated to defend and to pay any judgment which might be recovered, and the Clerk directed to enter judgment accordingly.