STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v CALVIN C. ELGOT et al., Respondents.

First Department, June 24, 1975

*Stanley H. Kaufman* of counsel *(Diamond, Rutman & Costello,* attorneys), for appellant.

*Melvin Smith* for Calvin C. Elgot and another, respondents.

*Saul Wilensky* of counsel *(Lester Schwab Katz & Dwyer,* attorneys), for Tai Hon Philip Chang, respondent.

STEVENS, P. J. On July 29, 1971 at about 1:00 P.M., defendants Elgot sold their car to defendant Chang for the sum of $900 which sum was then paid in full. The car and the New York State motor vehicle registration stub transferring ownership of the car were delivered, properly signed, to defendant Chang. The Elgots did not remove their license plates from the car but allowed them to remain so that Chang could drive to the Motor Vehicle Bureau and obtain his own license plates.

Chang drove the car away and stopped at the office of his insurance broker where he obtained an FS-1 certificate indicating that he had automobile liability insurance with Home Mutual Insurance Company of Binghamton. Thereafter, at about 2:10 P.M., while driving to the Motor Vehicle Bureau he was involved in a two-car collision, which resulted in the deaths of Wilbur H. Miller and Mildred Miller. On July 30, 1971, the Elgots gave notice of the accident to plaintiff, State Farm Mutual Automobile Insurance Company (State Farm) which had issued an automobile liability policy to them. State Farm asserts it first received notification on August 2, 1971.

In an examination before trial Calvin C. Elgot testified that he received notice of termination of coverage effective July 30, 1971. On or about June 6, 1973, an action was commenced against the Elgots to recover damages for the personal injuries and wrongful death of the Millers. The summons and complaint were forwarded to State Farm, which obtained a stipulation extending its time to answer to October 5, 1973. By

letter dated October 1, 1973, State Farm disclaimed coverage and gave notice thereof to the necessary parties. Subsequently State Farm sought a declaration that it was not bound to defend the Elgots or pay any judgment which might be recovered against them. After joinder of issue, State Farm moved for summary judgment, which motion was denied, and the Elgots' cross motion for summary judgment dismissing the complaint and adjudging that State Farm is required to defend them was granted.

The issue is whether the Elgots' automobile liability policy terminated upon sale of the vehicle, and whether State Farm, by reason of its delay in disclaiming coverage, is estopped from denying coverage.

Subdivision 8 of section 167 of the Insurance Law provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice *as soon as is reasonably possible* of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant". (Emphasis supplied.)

A mere failure to disclaim liability under a policy will not estop an insurer from disavowing liability, but, where the insured has been prejudiced as a result of the failure to disclaim, the doctrine of estoppel has been applied. *(O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347, 355; *Greater N. Y. Mut. Ins. Co. v Powers,* 25 Misc 2d 393.) On the other hand, the statute does not require a finding of prejudice caused by the delay in disclaiming and there are circumstances when mere delay may be found unreasonable as a matter of law *(Allstate Ins. Co. v Gross,* 27 NY2d 263, affg 31 AD2d 389).

However, the resolution of this case does not turn solely on the issue of disclaimer. State Farm's policy insured the Elgots and a car owned by them. It was not contemplated, nor did the policy purport to insure such car when owned by another person. Section 420 of the Vehicle and Traffic Law states in part: "Upon the transfer of ownership or the destruction of a motor vehicle, motorcycle or trailer, its registration shall expire; and the seller, or the owner in case of destruction, *shall* remove the number plates from the vehicle". (Emphasis supplied.) Since the Elgots failed to remove their plates as mandated by the statute and in fact consented to Chang's use

of them, they are estopped to deny ownership; however, such estoppel does not prevent State Farm from disclaiming liability *(Phoenix Ins. Co. v Guthiel,* 2 NY2d 584; *Mason v Allstate Ins. Co.,* 12 AD2d 138). It does not appear that State Farm was aware of or consented to the transfer, nor that the policy by its terms permitted or contemplated coverage under the circumstances here present.

*Allstate Ins. Co. v Gross (supra),* cited by respondents, is readily distinguishable. In that case, Gross was involved in an accident while there was undisputed coverage by Allstate. He failed to report the accident until almost two months later when he delivered to Allstate the summons and complaint in an action commenced against him. Allstate notified Gross and the plaintiff that it was investigating the accident, but did not "waive any of its rights or admit any obligations under the policy" and was making a reservation of rights "because of late notice and for other reasons". Seven months later it commenced an action for a declaratory judgment that it was not obligated to defend its insured, although, even at that point, it had not actually disclaimed. The seven-month delay in disclaimer was held unreasonable as a matter of law.

In the case before us there was a transfer of title and possession without State Farm's knowledge, and without its consent to a transfer of coverage. The Elgots should not by their neglect be permitted to impose liability upon State Farm.

The order (CALLAHAN, J.) entered February 11, 1975, in New York County, should be reversed on the law, the motion of plaintiff for summary judgment granted and the cross motion of defendants Calvin C. Elgot and Jane Elgot for summary judgment denied, without costs to either party.

KUPFERMAN, MURPHY and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on February 11, 1975, unanimously reversed, on the law, the motion of plaintiff for summary judgment granted and the cross motion of defendants Calvin C. Elgot and Jane Elgot for summary judgment denied, without costs and without disbursements.

Settle order on notice.