Thomas F. McGowan, J.
This is a motion for summary judgment brought by plaintiff to recover directly against defendant insurer pursuant to the recovery provision required to be included in all personal injury liability insurance contracts by section 167 (subd 1, par [b]) of the Insurance Law, which states that where a judgment against an insured or his personal representative in an action brought under the insurance contract remains unsatisfied 30 days after service of notice of entry of judgment upon the insured or his attorney and upon the insurer, "an action may * * * be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.” Defendant asserts a denial of the existence of coverage at the time of the accident.
The undisputed facts indicate that defendant’s insured was the owner of a 1967 Yamaha motorcycle insured under a "Family Combination Automobile Policy” issued by the defendant for the policy period from May 1, 1973 until November 1, 1973. On August 14, 1973, defendant’s insured purchased another motorcycle, a 1973 Harley Davidson Super-glide. On that same day, defendant’s insured completed a temporary certificate of registration indicating as the registration plate number for the newly purchased motorcycle, number 122832, the license plate belonging to the Yamaha. On the expiration of the 20-day temporary registration period, defendant’s insured effected the permanent registration of the 1973 Harley Davidson, indicating the transfer of the license plate from the Yamaha to the new motorcycle, and on the same day defendant’s insured’s policy was amended to show the replacement of the Yamaha by the Harley Davidson under the coverage of the policy. An additional premium was also assessed at that time.
On August 30, 1973, during this temporary registration period and before the time the policy was actually amended, plaintiff was injured in the vicinity of Ashtabula, Ohio, while a passenger on the 1973 Harley Davidson. An action arising out of that accident was commenced against defendant’s insured in Erie County on April 17, 1974, by personal service *38 upon him of a summons and complaint. Defendant, which was also served, returned the summons and complaint on May 24, 1974, indicating that there was no coverage under the policy. A default judgment was taken against defendant’s insured and duly filed on December 23, 1974, and a copy of the judgment with notice of entry thereon was served upon defendant insurance company on January 7, 1975. This judgment having remained unsatisfied, the instant action against defendant was commenced on February 18, 1975.
In granting this motion for summary judgment, the court finds that there is no triable issue of fact concerning the status of the 1973 Harley Davidson motorcycle as a replacement vehicle at the time of the accident on August 30, 1973. Not raised by this motion, of course, are those issues determined by the judgment against defendant’s insured. "In the present action against the insurance company, the insurance company cannot go behind the judgment and raise defenses going to the merits of plaintiff’s claim against the driver.” (Manard v Hardware Mut. Cas. Co., 12 AD2d 29, 31, rearg and app den, 12 AD2d 891.) Defendant’s contention that an affidavit by plaintiff’s attorney is insufficient as a matter of law since "knowledge of the facts and circumstances of the accident are solely within the knowledge of the plaintiff,” is clearly inapplicable.
It is uncontroverted that there was coverage of the Harley Davidson from September 5, some 21 days from the time of its purchase and six days after the occurrence of the accident. Defendant claims that coverage of this motorcycle did not begin until that date, when the policy was actually amended to indicate the change of the vehicle, and that therefore the Yamaha was still the covered vehicle at the time of the accident. Plaintiff, on the other hand, argues that the Harley Davidson was a "replacement vehicle” from the time of its purchase on August 14, and that the policy provides for retroactive or "automatic” coverage for replacement vehicles during a 30-day notice period. The pertinent language in the policy provides:
" 'Owned automobile’ means
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium chargé indicates that coverage is afforded * * *
"(c) a private passenger, farm or utility automobile owner *39 ship of which is acquired by the named insured during the policy period, provided
"(1) it replaces an owned automobile as defined in (a) above, or
"(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile”. Thus, under the terms of the policy, there is automatic coverage at the very least where notice is given within 30 days. See Travelers Ind. Co. v Gaitings (61 Mise 2d 558) where the court held that an almost identical provision in an insurance contract allowed the insured until the time when his policy expired to notify the company of his election of coverage under the policy.
The only issue remaining for determination, therefore, is whether the 1973 Harley Davidson motorcycle was in fact a "replacement vehicle”.
Plaintiff, in taking the position that the Harley Davidson was such a vehicle, points primarily to the course of conduct pursued by defendant’s insured upon such purchase. First, defendant’s insured transferred the license plates from the Yamaha to the Harley Davidson, as evidenced by the temporary certificate of registration, in which defendant’s insured certified that "such number plates and registration are eligible for transfer.” This clearly indicates defendant’s insured intention to replace the Yamaha with the Harley Davidson, since only the vehicle bearing the registration plates — the Harley Davidson — could be operated on the public highways within the State. (See Vehicle and Traffic Law, § 420.) By transferring the registration plates, instead of acquiring an additional registration number, defendant’s insured indicated his intention to operate only one vehicle. This intent was reaffirmed on September 5, 1973, when defendant’s insured secured his permanent registration, again indicating the transfer of plates from the Yamaha to the Harley Davidson.
Defendant, in support of its denial of coverage, points out that the temporary certificate of registration does not establish insurance, but only ownership. Plaintiff is not, however, using the temporary certificate to indicate the existence of insurance, but rather to substantiate her position that the *40 newly purchased Harley Davidson was intended to replace the Yamaha. That being the case, it follows that insurance coverage is indicated by the terms of the policy itself. Defendant then points to the fact that during the period from August 14 until September 5 defendant’s insured owned two motorcycles. Where ownership of both vehicles is continued, defendant claims, there is not a replacement situation. Yet, as defendant’s own papers point out, such ownership of both motorcycles continued until June, 1974, long after the time when it is admitted that the Harley Davidson was the insured vehicle.
To adopt the position espoused by the defendant is to believe that defendant’s insured purchased a new motorcycle, left it unlicensed — and therefore unusable — for a period of some 20 days, and only then switched license plates from the old to the new motorcycle. In light of the documentary evidence presented, this does not appear to be a reasonable inference from the facts.
In granting plaintiff’s summary judgment motion, this court is keenly aware of the manner in which the defendant asserted its denial of coverage. Defendant was first informed of the occurrence of the accident by a letter from plaintiff’s attorney dated October 24, 1973. Although defendant claims not to have received a further communication from plaintiff’s attorney, dated November 5, 1973, more complete information concerning the accident was mailed to defendant by December 4, 1973. Thus, defendant had all necessary facts on which it bases its denial of coverage available to it at that time. Nevertheless, defendant did not attempt to assert any denial of coverage until May 24, 1974, and this denial was made only after plaintiff’s attorney refused to stipulate to an extension of time to answer the summons and complaint in the action against defendant’s insured. Defendant indicates in its papers that it requested such extension in order to continue its investigation, yet statements from the seller of the Harley Davidson and defendant’s insured, both indicated as being part of that investigation, were not obtained until March of 1975, long after the default judgment against defendant’s insured had been obtained and not until after the commencement of the instant action against defendant. Defendant also indicates that notice of its denial of coverage was sent to defendant’s insured so as not to prejudice his rights. However, this notice was not given until after the expiration of the time to answer the summons and complaint.
*41 Subdivision 8 of section 167 of the Insurance Law requires that if an insurer is to deny coverage, it must give written notice of such denial "as soon as is reasonably possible.” A delay of seven months — as occurred here — has been held to be unreasonable as a matter of law. (Allstate Ins. Co. v Gross, 31 AD2d 389.) This subdivision, however, is expressly limited in application to accidents occurring within New York State. Nevertheless, in affirming the decision in Gross, the Court of Appeals observed: "Prior to [the] enactment [of subdivision 8 of section 167], attempts to disclaim could always be defeated by showing waiver or estoppel, the latter necessarily requiring prejudice * * * Indeed, these 'common law’ defenses are not precluded, even when the statute is invoked.” (Allstate Ins. Co. v Gross, 27 NY2d 263, 269.) Defendant here gave no indication of its intention to deny coverage until plaintiffs attorney indicated that he would not stipulate to an extension of the time to answer. Certainly the request for such stipulation was in itself inconsistent with defendant’s position that it was not obligated to defend. In addition, less than 10 days before defendant’s denial of coverage, it again requested medical information concerning the claim. Therefore, defendant’s insured was justified in assuming, to his detriment, that defendant would in fact defend him in the action. Moreover, in justifying its denial of coverage, defendant is relying on information that it did not even secure until March, 1975, then months after asserting the denial. Under these circumstances defendant would be estopped from asserting the denial of coverage, even if the denial was found to be warranted.
Plaintiffs motion for summary judgment is granted, and defendant’s cross motion for an order to preclude is accordingly denied.
(On reargument, September 22, 1975)
Plaintiff herein is attempting to recover directly from defendant insurer pursuant to the contract provision required to be included in automobile liability policies by section 167 (subd 1, par [b]) of the Insurance Law.
This action was the subject of a memorandum decision rendered by this court June 5, 1975, granting plaintiffs motion for summary judgment. It is again before us, on defendant’s request for reargument. We granted this request because defendant has informed us that the copy of the insurance policy included with the papers submitted by defendant on the *42 original motion was not in fact the policy under which defendant’s insured was covered. In deciding the original motion, the court naturally enough had occasion to refer to the policy so included.
Having reconsidered its decision on the basis of the correct policy which had now been submitted, together with the additional decisional authority supplied by counsel for the defendant, the court nevertheless is not swayed from its position on the original motion. Even in view of the slightly different language of the policy, which we now have before us, we still find that the 1973 Harley Davidson motorcycle owned by the defendant’s insured — the vehicle involved in the accident — was covered under the "Newly Acquired Automobile” provision of the applicable policy.
To hold otherwise would be to impose additional conditions on the operation of this clause, which would be in contravention of the clear language of the policy. Neither the authorities supplied by defendant’s counsel nor those examined by the court have held inapplicable a clause providing automatic coverage for a replacement vehicle during a limited time prior to notice to the insurer, where the insured has complied with the policy requirements.
Under the facts presented here, not only did defendant’s insured comply with the policy’s notice requirement, but also there was no evidence presented to indicate other than that the Harley Davidson was a replacement vehicle. Defendant’s insured transferred the registration plates from his 1967 Yamaha motorcycle to the Harley Davidson, had effectuated at the time of purchase a 20-day temporary certificate of registration indicating this change (form MV-53), permanently so registered the Harley Davidson on the expiration of the temporary registration period, and notified defendant’s agent of the replacement within 30 days as required by the policy. Every step is consistent with the conclusion that the Harley Davidson was a replacement vehicle.
Defendant’s motion is denied; plaintiff’s motion for summary judgment is granted.