■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO
COUVERTIER, Appellant.—Judgment, Supreme Court, Bronx County, ren-
dered on October 30, 1974, convicting defendant, after trial before Reilly, J.,
and a jury, of the crime of possession of gambling records, unanimously
reversed, on the law, and matter remanded for a new trial. The court
erroneously charged concerning the statutory presumption applicable to one
possessing gambling records. Subdivision 1 of section 225.35 of the Penal
Law provides as follows: "1. Proof of possession of any gambling device or of
any gambling record specified in sections 225.15 and 225.20, is presumptive
evidence of possession thereof with knowledge of its character or contents."
The court herein charged that, once the People proved possession of a policy
slip, "the law presumes he had such possession with knowledge of its
character or its contents. The law states the mere possession connotes
knowledge if such presumption is not rebutted by the defendant". The jury
was not told that the presumption was merely permissive. This was a fatal
omission, especially so when this portion of the charge was preceded by the
statement of the court that "the law does not require that the guilty
knowledge be proven beyond a reasonable doubt". Care should have been
exercised that the jury would not understand that the presumption had the
effect of directing a verdict of guilty. (People v Leyva, 38 NY2d 160, 171.) On
this record defendant is entitled to a new trial. Concur—Murphy, J. P.,
Birns, Capozzoli, Lane and Nunez, JJ.

■  In the Matter of the Arbitration between UNITED STATES FIDELITY
AND GUARANTY COMPANY, Appellant, and PAUL ASSENZA, JR., Respondent.
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., LTD., Respondent, v
MARIO NEVI et al., Intervenors-Appellants.—Order, Supreme Court, New
York County, entered March 17, 1975, denying stay of arbitration between
petitioner, the United States Fidelity and Guaranty Company and respon-
dent Assenza, and denying intervenors Nevi's motion for summary judg-
ment unanimously affirmed. Respondent General Accident shall recover of
petitioner-appellant and intervenors-appellants one bill of $40 costs and
disbursements of these appeals. In addition to the reasons stated by the
Trial Justice, with which we agree, we note the applicability of State Farm
Mut. Auto. Ins. Co. v Elgot (48 AD2d 362), decided by this court after the
decision of the Trial Justice herein. In the present case there appears to be
no dispute that corespondent-respondent's (General Accident) policy was not
applicable to this accident because the car was owned as well as operated by
Lawrence Nevi the son and thus a "relative" of the "named insured" Mario
Levi. Lawrence at first said the car was owned by a third person, and the
confusion was worse confounded when respondent Assenza's attorney (in
good faith) wrote General stating that the car had been conveyed to "your
assured Mr. Nevi * * * Mr. Nevi put his license plate No. YN 1541 NY [the
father's plate] on the car when he drove it away." These circumstances
contributed to the delay in General's disclaimer, a delay which the Trial
Justice found to be not unreasonable. The situation also appears to fit
within Stevens, P. J.'s language in State Farm Mut. Auto. Ins. Co. v Elgot
(supra, pp 364–365): "State Farm's policy insured the Elgots and a car owned
by them. It was not contemplated, nor did the policy purport to insure such
car when owned by another person. * * * The Elgots should not by their
neglect be permitted to impose liability upon State Farm." Nor should
Lawrence Nevi by his misstatements be permitted to impose liability upon
General. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez,
JJ.