■ NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, and ALLSTATE INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered on April 23, 1976, affirmed, on the opinion of Sutton, J., at Trial Term. Plaintiff-respondent and defendant-respondent F. Waterson shall recover of defendant-appellant one bill of $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Murphy, Lupiano and Nunez, JJ.; Silverman, J., dissents in the following memorandum: Under prevailing authority, I think appellant Allstate is entitled, as a matter of law, to a declaration that it is not obligated to defend the principal action against Diane Markey or Francis Spinella because of the accident which occurred on May 2, 1971. The case is one of the usual disputes among insurance companies as to whether the uninsured motorist endorsement of the injured party's policy (here issued by plaintiff Nationwide) has been brought into play because there is no other insurance to cover the liability. Allstate had issued a policy to Diane Markey, the former owner of the car. It was Allstate's contention that Markey had sold the car to Spinella, the driver at the time of the accident (May 2, 1971), and that that sale was consummated and title

passed on April 27, 1971 so that Allstate no longer covered the car at the time of the accident. The Trial Justice found: "The testimony of Diane Markey and Francis Spinella establishes (1) that they had come to an agreement on the purchase and sale of the 1964 Triumph, (2) that Markey intended to sell and Spinella intended to purchase the vehicle, and (3) they considered the sale consummated when Markey accepted the final payment from Spinella and he took possession of the vehicle. It is equally well established, however, that at the time of the purported sale (1) Markey did not sign and deliver to Spinella the transfer stub on the State Registration Certificate of the insured automobile. (2) Markey did not give Spinella a bill of sale for the automobile, (3) Markey intentionally did not remove her plate from the automobile as required by section 420 of the Vehicle and Traffic Law, and (4) Markey intentionally consented to Spinella's use and operation of the vehicle bearing her license plate." The first paragraph of the Trial Justice's findings, quoted above, leads as a matter of law to the conclusion that title passed to Spinella on April 27, 1971. Subdivision (2) of section 2-401 of the Uniform Commercial Code provides, in relevant part, as follows: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place". In the present case, the testimony was that the seller did not give the buyer the endorsed certificate of registration on April 27, 1971 because she said that it was in possession of a friend who would return in a few days, and the seller agreed to deliver the certificate to the buyer as soon as it was returned to her. The present case seems to fit precisely under subdivision (2) of section 2-401 of the Uniform Commercial Code. The Trial Justice said that the question of ownership was "perplexing solely because a motor vehicle is the subject matter of the alleged sale." He held that the general scheme of article 6 and article 14 of the Vehicle and Traffic Law with respect to transfers of certificates of registration and insurance "constrained" him to hold that a sale had not taken place. While this position is certainly a tenable one, I think the law in this State has been settled the other way by the decision of the Court of Appeals in *Phoenix Ins. Co. v Guthiel* (2 NY2d 584). The plurality opinion in that case held where an automobile is transferred but the seller leaves his license plates on the automobile, while the seller may be and is estopped to deny ownership, his insurance company is not so estopped, so that no coverage exists under the terms of that policy in favor of either seller or buyer to defend or indemnify them against the claims of injured parties. That plurality opinion has been followed as the law of this State. *(State Farm Mut. Auto. Ins. Co. v Elgot,* 48 AD2d 362; *Mason v Allstate Ins. Co.,* 12 AD2d 138.) Accordingly, the judgment appealed from should be reversed and judgment directed declaring that appellant Allstate is not obligated to defend the principal action against Diane Markey or Francis Spinella because of the accident which occurred on May 2, 1971, and the matter remanded to the Supreme Court for determination of the remaining issues, particularly as affected by the insurance or lack of insurance coverage by Liberty Mutual Insurance Company.