UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee and Cross-Appellant, *v.* FEDERAL INSURANCE COMPANY, Defendant-Appellant and Cross-Appellee.—(EARL CARR *et al.,* Defendants.)

Fifth District   No. 79-187

Opinion filed December 27, 1979.

Mitchell, Brandon & Schmidt, of Carbondale, for appellant.

Mitchell & Armstrong, of Marion (J. C. Mitchell, of counsel), for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

This is an appeal from a declaratory judgment by the Circuit Court of Williamson County that a liability insurance policy issued by defendant-appellant Federal Insurance Company to Bonifield Brothers Truck Lines, Inc., provided primary coverage to Harold Short and Lewis Brothers Bakeries, Inc., in their defense of an action for personal injuries brought by Earl Carr, a truck driver in Bonifield's employ.

On February 12, 1974, Carr delivered freight by truck to a loading dock at the Lewis Brothers Bunny Bread Bakery in Anna. While the freight was being unloaded by Short, a Lewis Brothers employee, Carr was injured. After Federal declined to accept defense of the lawsuit brought by Carr, plaintiff-appellee United States Fidelity and Guaranty Company, insurer of Short and Lewis Brothers, filed this action for declaratory relief.

The circuit court held that Short and Lewis Brothers were insured under the following provision of the Federal policy:

"II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

* * *

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower * * *."

The determinative issue on this appeal is whether or not Lewis Brothers or Short was a "borrower" of the truck within the meaning of the quoted policy provision. The parties agree that the word borrower in this context has not been previously construed by a reviewing court of this State. They further agree that the most persuasive decision from a court of another jurisdiction is *Liberty Mutual Insurance Co. v. American Employers Insurance Co.* (Tex. 1977), 556 S.W.2d 242. They part company as to the application of the principles set forth in the *Liberty Mutual* case to the facts of the instant one.

The policy provision at issue in *Liberty Mutual* is identical to the provision quoted above. (556 S.W.2d 242, 243 n.1.) In the Texas case, a truck driver delivered a load of plywood decking to the plant of the consignee, parked the vehicle, removed the nylon webbing used to secure the stacks of decking, and then stood beside the truck while the consignee's employees began to unload the truck. The driver was not aiding in the unloading in any manner. He was killed when several sheets of the decking struck him.

In reaching the conclusion that the consignee was not a borrower of the truck, accepting the definition "someone who has, with permission of the owner, temporary possession and use of the property of another for his own purposes," the Texas Supreme Court stated:

"General rules of construction lead us to conclude that the policy exclusion for persons who were unloaders but not 'borrowers' of the vehicle was intended to limit the insurer's liability for injuries resulting from acts of these nonemployees of the owner of the vehicle. The purpose of an exclusion is to take something out of the coverage that would otherwise have been included in it. * * * An interpretation that gives a reasonable meaning to all provisions is preferable to one that leaves a portion of the policy useless, inexplicable, or creates surplusage. * * *

* * *

The evidence in the record reflects that Dragoo [the truck driver] parked the truck and Homette [the consignee] then began to unload. * * * The only contact Homette's employees had with

the truck was to drive up to it with forklifts and remove the decking. If, as American [the plaintiff insurance company] argues, this was enough to bring Homette within the policy, the 'borrower' requirement would be meaningless because one would need only to be an unloader to also be a 'borrower.' We decline to adopt America's construction of the policy. While unloading is a 'use' of the vhicle, the conjunction 'and' in the definition of 'borrower' indicates that one must also have possession of the vehicle to be a 'borrower.' Possession connotes the right to exercise dominion and control over the truck and trailer. There is no evidence that Homette had this right.

* * *

We hold that merely proving one had the right to remove goods from a truck is not evidence one was a 'borrower' of the truck. There must be evidence of possession. The record in this case discloses no such evidence." 566 S.W.2d 242, 245.

■■ It is unusual to find a case from another jurisdiction so nearly on all fours with a case before us for decision. We agree with the Texas court that the policy exclusion in question should be interpreted if possible to give meaning to all its provisions, and that something more than mere unloading must be shown to reach the conclusion that Lewis Brothers had borrowed the Bonifield Brothers truck in the instant case.

■■ The plaintiff attempts to distinguish this case from *Liberty Mutual* by pointing to the isolated fact in evidence here that Short told Carr what dock he should pull up to for unloading. We do not think that is sufficient indication of the right to exercise dominion and control to make Short a borrower. As in *Liberty Mutual*, there was no evidence that Carr ever gave the truck's keys to any Lewis Brothers employee, that anyone other than Carr ever drove the truck, or that any Lewis Brothers employee ever had possession of the truck within any ordinary meaning of that word. Short was a permissive user, in that his unloading was with the permission of the insured, but he was not a borrower. To hold that he was a borrower would be to read out of the policy the loading and unloading exclusion. This we may not do.

We therefore hold that the court below erred in declaring that Federal Insurance Company was obligated to provide a defense for Harold Short and Lewis Brothers Bakeries, Inc. Because of this conclusion, we need not reach the other issues raised by the parties.

For the foregoing reasons, the judgment of the Circuit Court of Williamson County is reversed.

Reversed.

KARNS and KASSERMAN, JJ., concur.