**PROTECTIVE INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**COCA–COLA BOTTLING COMPANY— INDIANAPOLIS—INCORPORATED, Appellee (Plaintiff Below).**

**No. 2–480A110.**

Court of Appeals of Indiana, Fourth District.

July 22, 1981.

Rehearing Denied August 28, 1981.

---

Rex P. Killian, Hall Render & Killian, Indianapolis, for appellant.

John A. Perrin, Auberry Stanek & Perrin, Indianapolis, for Goldie L. Hanners, third-party defendant.

William M. Osborn, Thomas J. McKeon, Osborn & Hiner, Indianapolis, for appellee and Royal-Globe Insurance Company, third-party defendant.

David S. Allen, Locke, Reynolds, Boyd & Weisell, Indianapolis, for Nationwide Mutual Insurance Company, third-party defendant.

YOUNG, Presiding Judge.

Protective Insurance Company appeals the entry of summary judgment for Coca-Cola Bottling Company in a declaratory judgment action brought by Coca Cola to resolve a controversy regarding the coverage of an automobile insurance contract between Protective Insurance and Cox Motor Transport, Inc. Coca Cola sought a declaration that it was an additional insured under an omnibus clause of the policy between Protective and Cox Motor and therefore entitled to defense and indemnity by Protective in a wrongful death action brought by the Estate of James Hanners. Coca Cola argued alternatively that Protective was estopped to deny liability and had waived its right to assert any coverage defenses by its failure to respond to a demand to defend letter.

The trial court awarded summary judgment for Coca Cola finding both that Coca Cola was an additional insured under the Protective—Cox Motor policy and that the doctrines of waiver and estoppel barred Protective from raising any defenses to coverage. The trial court found that Protective and Royal Globe Insurance Company, the general liability insurer of Coca Cola, were dual primary insurers of Coca Cola and, based upon the respective policy limits of Protective and Royal Globe, ordered Protective to pay two-thirds (⅔) of the costs and expenses including attorney's fees incurred by Coca Cola in prosecuting the declaratory judgment suit. Finding that genuine issues of fact regarding whether Coca Cola was an additional insured under the Protective policy and whether the doctrines of waiver and estoppel apply to preclude Protective's denial of liability exist, we reverse the summary judgment. Because of our disposition of this case, we reach only the following issues raised by Protective:[1]

1. Whether the trial court erred in finding no genuine issue to exist regarding whether Coca Cola was a "borrower" of the insured vehicle, a fact necessary to the trial court's determination that Coca Cola was an additional insured under the Protective policy.

2. Whether the trial court erred in finding no genuine issue to exist regarding the application of the doctrines of waiver and estoppel to prevent Protective's assertion of any policy defenses.

The facts giving rise to this declaratory judgment action are not in dispute. Rather, it is the inferences and conclusions to be drawn from these facts that are in dispute. Cox Motor Transport, Inc. entered into a hauling contract with Coca Cola by which it agreed to transport Coca Cola trailers to various destinations. Cox Motor leased a tractor from James Hanners who, along with Cletus Russellburg, drove the tractor for Cox Motor under a truck lease agreement. On the day of the accident, February 3, 1977, Hanners and Russellburg were delivering a Coca Cola trailer to a Coca Cola lot in Indianapolis pursuant to the hauling contract between Cox Motor and Coca Cola. Russellburg drove the tractor-trailer onto the dark and snow covered Coca Cola lot and stopped at the loading dock. A Coca Cola night dispatcher directed Russellburg

1. Protective also argues procedural error occurred when the trial court considered two exhibits filed by Coca Cola in support of its summary judgment motion. Because we reverse the grant of summary judgment, we do not reach this issue.

Neither do we reach the issues Protective raises regarding the proration of liability between Protective and Royal Globe.

to park the trailer at the end of the lot. Russellburg backed the trailer into the space and he and Hanners prepared to disconnect the trailer from the tractor. Their initial attempt to disconnect the trailer was unsuccessful. Hanners pulled the pin that releases the two units and Russellburg again attempted to drive the tractor away. Hanners somehow became trapped between the tractor wheels and the trailer. Russellburg summoned Coca Cola employees on the lot to help him extricate Hanners. These rescue efforts, particularly the attempts made to use a wrecker and two tow motors to lift up the trailer, were frustrated by the accumulation of snow on the lot. Hanners was finally freed from under the wheels of the tractor but died shortly thereafter.

On August 30, 1977, Hanners' widow filed a wrongful death action against Coca Cola, Cox Motor and Russellburg. In response to interrogatories filed by Coca Cola, Mrs. Hanners alleged negligence against Coca Cola in its failure to inspect the premises, maintenance of a dangerous condition on the premises, failure to use due care under the circumstances, failure to provide a safe place for delivery, failure to instruct Hanners in a proper manner, and failure to exercise due care in attempting to extricate Hanners.

Coca Cola was the named insured of a general liability insurance policy issued by Royal Globe Insurance Company. Cox Motor was the named insured of an automobile insurance policy issued by Protective. Coca Cola, by letter dated November 15, 1977, alleged that it was a sub-lessee of the insured tractor and thus an additional insured under the automobile policy issued by Protective, and demanded that Protective defend it in the wrongful death action. Protective did not respond to the demand letter and, on February 26, 1979, Coca Cola brought this declaratory judgment action.

 The function of a summary judgment proceeding is to expedite the disposition of disputed claims when there is no genuine issue of fact material to the claim. Ind. Rules of Procedure, Trial Rule 56(C);

*Barbre v. Indianapolis Water Co.*, (1980) Ind.App., 400 N.E.2d 1142. Because summary judgment deprives the non-moving party of the right to a trial, strict standards have been established which a moving party must meet to prevail. The burden is upon the moving party to establish that no genuine issue as to any material fact exists. *Id., Wozniczka v. McKean*, (1969) 144 Ind.App. 471, 247 N.E.2d 215. In reviewing the grant of summary judgment, facts set forth by the opponent's affidavits are taken as true; the depositions, admissions, etc. are liberally construed in favor of the opponent; and any doubt as to the existence of a genuine issue is resolved against the proponent. *Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind.App. 244, 254, 311 N.E.2d 640, 648. Even where the facts are not in dispute, summary judgment is inappropriate if the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Big Racoon Conservancy District v. Kessler Farms Corp.*, (1977) 173 Ind.App. 218, 363 N.E.2d 1004.

In addressing Protective's first contention of error, the finding that Coca Cola was an additional insured, we examine the Protective insurance policy, particularly the "Truckmen's Endorsement" clause found therein:

"Persons Insured

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured;

(b) any partner or executive officer thereof;

(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, *but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is*:

(1) a *lessee or a borrower of the automobile, . . .*" (Emphasis added).

This clause provides coverage to the named insured and any other person while using the insured vehicle with the permission of the named insured. However, with respect to accidents arising out of the loading or unloading of the insured vehicle, coverage is provided *only if the other person is a lessee or borrower of the automobile.* This policy clause excluding from coverage persons who are "users" but not "borrowers" or "lessees" of the vehicle for accidents arising out of the loading or unloading limits the insurer's liability for injuries resulting from acts of nonemployees of the named insured. *Liberty Mutual Insurance Co. v. American Employers Insurance Co.,* (Tex.1977) 556 S.W.2d 242. Prior to the addition of this limiting clause, the loading-unloading language of automobile insurance policies, providing that use of the vehicle included the loading and unloading thereof, extended coverage to a broad group of persons who were not employees of the vehicle owner, the only requisite for coverage being that the nonemployee be using, i. e., unloading the truck with the consent of the owner. *Dairyland Insurance Co. v. Concrete Products Co.,* (Iowa 1973) 203 N.W.2d 558. Following the addition of the clause found in the Protective insurance policy limiting third party coverage for accidents arising out of the loading and unloading of the vehicle, the third party must be a "borrower" or "lessee" to be an additional insured.

Protective argues the trial court erred in finding that Coca Cola was a "borrower" of the tractor.[2] It argues that, viewing the evidence in the light most favorable to it, the non-moving party, issues of fact regarding whether Coca Cola had borrowed the tractor remain to be resolved.

■ The requirement that a person be a lessee or borrower of the insured vehicle if the accident arises out of the loading or unloading of the vehicle[3] is, as Protective argues, a stricter requirement than that a

person be a permissive user of the insured vehicle. A person can be using the vehicle without being a borrower of the vehicle. *United States Fidelity & Guaranty Co. v. Federal Insurance Co.,* (1979) 79 Ill.App.3d 1130, 35 Ill.Dec. 425, 399 N.E.2d 259. The term "borrower" has been defined as someone who has, with the permission of the owner, temporary possession and use of the property for his own purposes. *Liberty Mutual Insurance Co., supra,* 556 S.W.2d at 244. To be a borrower, a person must have possession of the vehicle, possession connoting the right to exercise dominion and control over the vehicle. *Id.* General supervision or even the actual performance of loading or unloading operations will not make one a borrower of the vehicle involved; there must be evidence of possession. *Atlantic Mutual Insurance Co. v. Gulf Insurance Co.,* (Tex.Civ.App.1980) 596 S.W.2d 326, 327.

■ The only fact here to support an inference that Coca Cola had possession of, i. e., the right to exercise dominion and control over, the vehicle is the Coca Cola night dispatcher's instructing Russellburg where to park the Coca Cola trailer. While this evidence is some indication of control, this isolated fact standing alone is insufficient to make Coca Cola a borrower. *United States Fidelity & Guaranty Co. v. Federal Insurance Co., supra,* (party's directing carrier to particular dock is insufficient indication of right to exercise dominion and control to make party a borrower).

Coca Cola, to support its argument that the dispatcher's instructing Russellburg where to unload the trailer was a form of control sufficient to make it a borrower of the tractor, cites *McDaniels v. Great Atlantic & Pacific Tea Co.,* (5th Cir. 1979) 602 F.2d 78. In *McDaniels,* the court held that A & P, a warehouse owner, was a borrower of the insured truck, finding that A & P had complete control over the unloading

---

**2.** Neither party contends in this appeal that Coca Cola was a "lessee" of the tractor.

**3.** Both appellant and appellee are in agreement that the accident here arose out of the unload-

ing of the tractor-trailer unit. (See appellee's brief. p. 29). The trial court, in finding Coca Cola a borrower of the vehicle, apparently found the same.

process from the time the truck came onto its premises. The evidence established that, after instructing the incoming driver where to park the truck, A & P maintained control over the truck until it was released to the driver when A & P finished the unloading.

The Russellburg deposition suggests that Russellburg and Hanners were in complete control of the tractor-trailer unit and its unloading. No Coca Cola employees participated in the uncoupling of the tractor and trailer. The lack of participation by Coca Cola in the unloading, would distinguish this case from *McDaniels*. Similarly, in *White v. Great American Insurance Co.*, (N.D.Ala.1972) 343 F.Supp. 1112, another case relied upon by Coca Cola, the premises owner was unloading the truck when the accident occurred.

Coca Cola also relies upon *Dairyland Insurance Co. v. Concrete Products Co.*, (Iowa 1973) 203 N.W.2d 558, and *Float Away Door Co. v. Continental Casualty Co.*, (5th Cir. 1966) 372 F.2d 701, as support for its argument that the loading and unloading clause extends coverage to additional insureds and should be liberally construed in favor of such additional insureds. However, the omnibus clauses in the automobile policies at issue in *Dairyland* and *Float Away* did not contain the limiting language found in the Protective policy requiring a person to be a "borrower" or "lessee" if the accident arises out of the loading or unloading of the vehicle. Coca Cola's reliance upon these cases is, therefore, misplaced. The policy exclusion for those not borrowers was intended to limit the insurer's liability for injuries resulting from acts of third parties. *Liberty Mutual Insurance Co. v. American Employers Insurance Co., supra.* Viewing the evidence most favorably to Protective, we do not believe the requisite possession by Coca Cola of the tractor was established, thus whether Coca Cola was a "borrower" of the vehicle remains in genuine issue.

We next review whether error occurred in the trial court's grant of summary judgment on the ground that Protective, by its failure to respond to the demand to defend letter sent by Coca Cola, both waived its right to deny coverage and was estopped to assert any policy defenses or disclaim liability. The demand by Coca Cola to defend was made by letter sent to Protective November 15, 1977. Protective failed to notify Coca Cola of its refusal to defend or its reasons therefor until after Coca Cola filed this declaratory judgment action on February 25, 1979, some fifteen months later.

The terms "waiver" and "estoppel" were defined in *Travelers Insurance Co. v. Eviston*, (1941) 110 Ind.App. 143, 154, 37 N.E.2d 310, 314:

> Technically, there is a distinction between "waiver" and "estoppel." A waiver is an intentional relinquishment of a known right and is a voluntary act, while the elements of estoppel are the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to his detriment. But in the law of insurance, the distinction between "estoppel" and "implied waiver" is not easy to preserve, and, quite commonly, in insurance cases, the courts have found it unnecessary or inadvisable to make a distinction between them and have used the terms interchangeably. The doctrines of "waiver" and "estoppel" extend to practically every ground upon which an insurer may deny liability.

It is well-settled that the doctrines of waiver and estoppel extend to any ground upon which liability can be denied. The failure of an insurer to disclaim liability or deny coverage as soon as is reasonably possible after a demand to defend has been made may result in a waiver or estoppel. *West v. Indiana Insurance Co.*, (1970) 148 Ind.App. 176, 264 N.E.2d 335. There is, however, no evidence of an express waiver by Protective of a known right to deny liability. Mere silence or inaction on the part of an insurer is not sufficient to constitute an express waiver. 45 C.J.S. Insurance § 722. Therefore, the failure of Protective to respond to the demand to defend letter is not evidence that Protective intended to waive its right to deny coverage.

Coca Cola's essential argument is based on the theory of an implied waiver

of Protective's right to deny coverage based upon Protective's failure to notify Coca Cola of its intention to disclaim liability within a reasonable time. Coca Cola cites *Hartford Insurance Co. v. County of Nassau*, (1979) 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061, to support its position that the delay by Protective of over 15 months in failing to deny coverage is unreasonable as a matter of law and results as a matter of law in an implied waiver of its right to deny coverage. In *Hartford*, the Court of Appeals of New York was applying a statute which requires an insurer to give "written notice as soon as is reasonably possible of [a] disclaimer of liability or a denial of coverage." N.Y. Insurance Law § 167, subd. 8. Violation of this statutory requirement resulting in waiver of the right to disclaim liability is not dependent upon a finding of prejudice to the insured caused by the delay in disclaiming and there are circumstances where mere delay may be found unreasonable as a matter of law. *State Farm Mutual Automobile Insurance Co. v. Elgot*, (1975) 48 A.D.2d 362, 369 N.Y. S.2d 719. However, at common law, the mere failure to disclaim liability does not result in a waiver of the insurer's right to disavow liability; only where the insured is prejudiced as a result of the unreasonable delay is the insurer *estopped* to assert noncoverage. *Western World Insurance Co., Inc. v. Jean & Benny's Restaurant, Inc.*, (1979) 69 A.D.2d 260, 419 N.Y.S.2d 163. Where the insured is not prejudiced as a result of the insurer's delay in disclaiming liability, there is no implied waiver as a matter of law and the insurer is not estopped to deny liability. Here the duty to notify the insured of the denial of liability arises from the common law. Therefore, prejudice to the insured by the insurer's failure to deny liability is necessary to prove estoppel or implied waiver. 45 C.J.S. Insurance § 722; *West v. Indiana Insurance Co., supra.*

■ Whether the insurer is estopped to disclaim liability under the policy is a question of fact to be determined after trial. Viewing the evidence regarding the essential element of detrimental reliance in the light most favorable to Protective, we find a genuine issue of fact regarding whether Coca Cola changed its position to its detriment in reliance upon the silence of Protective, i. e.; whether it was lulled into the belief that it was covered by the Protective policy and that Protective would defend it in the wrongful death action.

Finding that genuine issues of fact exist, we reverse the trial court's grant of summary judgment.

CHIPMAN and MILLER, JJ., concur.