Arthur W. STURGEON, Plaintiff,

Aetna Casualty and Surety Company, Intervenor,

v.

STRACHAN SHIPPING COMPANY, Defendant-Third-Party Plaintiff-Appellee,

v.

BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, Third-Party Defendant-Appellant.

No. 82–3229
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1983.

Opinion on Granting of Rehearing En Banc April 7, 1983.

Tooley, Waldmann & Weidner, John F. Tooley, Jr., Gretna, La., for third-party defendant-appellant.

Hailey, McNamara, McNamara & Hall, Laurence E. Larmann, Metairie, La., for defendant-third-party plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The facts of this case as found by the trial court are undisputed by either party. Pursuant to a contract, plaintiff Sturgeon, the owner-driver of a flatbed tractor-trailer, delivered a load of Texas cotton to defendant Strachan Shipping Company in New Orleans, presenting it for unloading at the time and place appointed. Arriving there, he handed over his bills of lading to the Strachan clerk, parked his rig where directed in Strachan's unloading area, and as directed readied its trailer for unloading by removing the tarpaulin and its fastenings. With this he was free to leave the area, since Strachan had complete control over the unloading process until it released the truck to Mr. Sturgeon. Although the trial court made no specific finding on the subject, Mr. Sturgeon testified without dispute that only he had right of access to his tractor, the Strachan employee-witnesses agreed, and Mr. Sturgeon does not here contend that anyone but he could move the rig once he parked it. While Strachan forklifts were unloading the bales without driving onto the trailer, a bale fell on Mr. Sturgeon.

When he sued Strachan for his resulting injuries, Strachan third-partied Mr. Sturgeon's insurance carrier,[1] defendant Bankers and Shippers Insurance Company, claiming omnibus coverage as a "borrower" of the entire rig.

■ Bankers and Shippers contends that while the Strachan unloaders may have been "permissive users" under the former standard insurance clause, they are not covered under the applicable revised clause limiting coverage to one unloading a hired vehicle only if he is a "borrower of the automobile . . . ." To put the matter in the words of counsel for Bankers:

"Interstate Carriers are fully regulated and their rates set by the Interstate Commerce Commission.[31] Drivers, too, are fully regulated and must meet strict standards.[32] Neither has any economic interest under the scheduled rates in assuming any financial loss by the daily multitude of unknown loaders and unloaders caused by their own negligence. Nor do they wish to pay the additional insurance premiums required by their insurers for such coverage to loaders and unloaders. They previously did cover all as 'permissive users.'[33]

"Consequently, insurance carriers for the trucking industry changed their policy provisions previously covering all loaders and unloaders as omnibus insureds eliminating that exposure, thus reducing the insurance premiums charged to the trucking industry, and thereby affecting the rates charged the public as set by the Interstate Commerce Commission and Department of Transportation. The provision now restricts coverage to loaders and unloaders who are: '(1) a lessee or borrower of the automobile . . .'[34] This attempt to restrict omnibus coverage by truckmen and their insurers is now being interpreted and is the main issue in this appeal.[35]

"McDaniels [v. Great Atlantic & Pacific Tea Co., 602 F.2d 78 (5th Cir.1979)] simplistically interpreted 'borrower' as if it was the prior term 'permissive user' and made that law applicable without consideration of the historical development of the policy terms. The ill-conceived McDaniels decision truly hurts the trucking industry because it is one of the first appellate decisions under the new policy terms. How will jury charges be determined? What factors must be considered? How will trucking

---

1. Actually, and inconsequentially for our purposes, that of his employer, which provided his coverage.

companies determine whether or not it [sic] wants to deliver to a particular dock to load or unload? What are the factors determining what constitutes a borrowing? How does a carrier determine whether or not it wants to accept the risk or the responsibility of a particular bill of lading? Under the *McDaniels* case all of these factors are unknowns. Numerous claims are now being litigated—very expensively."

"31 (foonote omitted.)

32 (footnote omitted.)

33 95 A.L.R. 1122, Annotation, Risks within "Loading and Unloading" Clauses of Motor Vehicle Liability Insurance Policy; 7 Am.Jr.2d, Automobile Insurance, Sec. 89, pp. 396–97; 7 Appleman, Insurance Law and Practice, Sec. 4322, pp. 155–67 (1962); 7 Blashfield, Automobile Law and Practice, Sec. 315.7, pp. 588–91 (3rd Ed.1966); 45 C.J.S., Insurance, Sec. 829c(2), pp. 893–96; *Dairyland Insurance Co. v. Concrete Products Co.,* 203 N.W.2d 558 (S.C.Iowa 1973); The Defense Research Institute, Inc. "Loading and Unloading" Provisions of the Automobile Liability Insurance Policy (monograph 1965); 29 Insurance Counsel Journal 197 (1962) Brown and Risjord: Loading and Unloading; The Conflict between Tortious Adversaries; 13 Vanderbilt Law Review 903, (1960) Norman E. Risjord, Loading and Unloading.

34 (footnote omitted.)

35 7 Am.Jur.2d (1980) Automobile Insurance, Sec. 206, Persons Covered, pp. 719–20; *Atlantic Mutual Insurance Co. v. Gulf Insurance Co.,* 596 S.W.2d 326 (Ct.Ap.Tex.1980); *Bankers and Shippers Insurance Co. of N.Y. v. Lockamy, et al.,* 51 Md.App. 1, 440 A.2d 421 (1982); Black's Law Dictionary, 5th Ed.1979—"Borrower" p. 167; *Liberty Mutual Insurance Co. v. American Employers Insurance Co., et al,* 556 S.W.2d 242 (Sp.Ct.Tex.1977); *Protective Insurance Co. v. Coca-Cola Bottling Co.—Indianapolis, Inc.,* 423 N.E.2d 656 (Ct.Ap.Ind. 1981); *Robinson, et al v. Excalibur Insurance Co.,* 598 S.W.2d 324 (Ct.Civ.App.Tex.1980); *United States Fidelity & Guaranty Co. v. Federal Insurance Co.,* 399 N.E.2d 259 (App.Ct.Ill. 1979)."

■ Unfortunately for Bankers and Shippers, however, and whatever the merits of these arguments, we are not at liberty to consider them. *McDaniels,* to which the above passages refer, is a panel decision of this court, indistinguishable by us in any principled way. We, like the district court, are bound by it.[2] Since it is squarely

against Bankers and Shippers' arguments, the decision below must be

AFFIRMED.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc without oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

---

2. In justice to counsel for Bankers and Shippers, we note that they are aware of this circumstance and unsuccessfully sought en banc hearing of this appeal. Perhaps in part be-

cause of our strong aversion to such direct en banc proceedings before panel consideration of an appeal, this was denied.